### WARING a. WARING.

*Supreme Court; Kings Special Term, April,* 1856.

PARTITION SUIT.—RIGHTS OF JUDGMENT CREDITORS.

*It seems* that a partition suit is an action for the recovery of real property within section 122 of the Code; so that the court may order a person not a party, but having an interest in the subject, to be made a party by amendment.

But a judgment creditor of a deceased person is not entitled to be made a party to a partition suit instituted for the purpose of apportioning real estate of the late debtor amongst his heirs and devisees, in order to enforce his claim to be paid out of such real estate.

Application under section 122 of the Code to be made a party.

Waring *a.* Waring.

This was a partition suit brought by Nathaniel F. Waring and others against Henry P. Waring and a large number of others, defendants.

Henry T. Clarke now petitioned to be made a party to the suit. His petition showed that Henry P. and Henry Waring were formerly partners in business, under the name of Henry Waring & Son, and as such partners became indebted to the petitioner. Henry Waring died in April, 1851, seized of a large amount of real and personal estate, a part of which was the subject of this suit. His will was proved June 9, 1851; his executors were superseded October 13, 1854, and no person had yet been appointed in their place. Henry P. Waring was insolvent, as also were the heirs of Henry.

The prayer of the petition was, that the petitioner might be made party to the suit,—or that a receiver might be appointed, —or that the referee in the action might be ordered to audit and allow claims of creditors.

*Cummins, Alexander & Green,* for the petitioner, submitted the case on written points. I. Henry P. Waring, the surviving partner, is insolvent. On account of his insolvency, the petitioner is a creditor of the estate of Henry Waring, and entitled to be paid out of his real and personal property. (1 *Story's Eq, Jur.,* 775, § 676; Hammersley *v.* Lambert, 2 *Johns. Ch.,* 508; Brown *v.* Story, 2 *Paige,* 594; Wilder *v.* Keeler, 3 *Ib.,* 167; Butts *v.* Greening, 5 *Ib.,* 256; Lawrence *v.* Leake, 2 *Den.,* 582). The petitioner and other creditors have therefore an interest in this property, and an equitable lien upon it. This court, as a court of equity, will not suffer the claim of the creditors to be defeated by a distribution of the only fund from which they can be paid.

II. The court is to determine any controversy between the parties before it, when it can be done without prejudice to the rights of others. This cannot be done in this case. The rights of creditors will be prejudiced by a distribution, as the petition shows the insolvency of the heirs. The court should therefore order petitioner to be brought in. (*Code,* § 122).

III. If the court refuses the prayer of the petition, proceedings in the suit should at least be stayed until petitioner

can file a bill against the heirs. (Brown *v.* Hovy, 2 *Paige*, 594; Payne *v.* Matthews, 6 *Ib.*, 19).

*Mr. Cromwell*, for the plaintiff.

*J. A. Lott*, for defendant Henry P. Waring.

*E. S. Van Winkle*, for infant defendants.

EMOTT, J.—The first clause of section 122 of the Code is intended to apply to cases where the controversy in the suit *cannot* be determined without the presence of other parties besides those in court. Whenever this becomes manifest at any stage of the proceedings, the court not only may but *must* cause the defect to be supplied and the parties whose presence is needful to a full determination of the subject matter of the suit, and of the dispute between the present parties to be brought in. (Davis *v.* The Mayor of New York, 2 *Duer*, 663).

The matters in controversy between the parties in this suit are the extent of the shares and interests of the various devisees of the lands which passed by the will of Henry Waring, and the question whether these lands can be divided or must be sold. It is obvious that there is no necessity that the petitioner, Clarke, should be a party to the suit to accomplish a final decision of either of these questions. Judgment creditors are not necessary, if they are in any case proper parties to a partition suit, and the claim of the petitioner in its most favorable aspect is only to a lien similar in its nature to that of a judgment.

I am inclined to think that an action for the partition of lands may be regarded as an action for the recovery of specific real property within the meaning of the latter clause of section 122 of the Code. At least it is not necessary to hold that it is not in order to dispose of this motion. Waiving all question whether there is enough shown in the petition to establish a liability of the estate of Henry Waring, the deceased partner, and beyond that to entitle the petitioner to resort to his real estate, it is quite clear that this is not a case where the person claiming to be a creditor of the testator under these circumstances has an interest in the subject matter

of a suit for the partition of his lands, or can demand to be
made a party to such a suit. Admitting that the petitioner is
a creditor by simple contract, of the testator, and that he
shows sufficiently all that is requisite to entitle him to resort
to the real estate devised for payment, he still does not estab-
lish any title to the lands or their proceeds that would of
itself overreach the conveyances of the devisees or the deed
under a judgment in this suit. In Matthews v. Matthews, (1
*Edw.*, 565), the suit was brought and the objections taken
within the statutory period of three years after the issuing of
letters testamentary, which is given to the executors to sell
lands for the payment of debts. And upon its being shown
that there was reason to apprehend a deficiency of assets for
the payment of debts, the vice-chancellor stayed the proceed-
ings in the partition suit until the personal estate could be
administered, because if the occasion should arise for an
application by the executors to the surrogate for an order to
sell the lands for the payment of debts, a sale under his order
would override any title that could be made by the heirs or
in a suit to which they were parties. But there was no inti-
mation in that case that the creditors who might be entitled to
share in the distribution of the proceeds of such a sale were
necessary or proper parties to the partition suit. There is an
intimation of an opinion by the learned vice-chancellor that
no conveyance before the expiration of the three years can be
made "in good faith" by an heir or devisee to any purchaser
whatever. If by this is meant that no conveyance can be made
previous to the expiration of that limit, which will defeat the
surrogate's power to sell for the payment of debts under the
statute, that is evidently true, and that was all that was neces-
sary for the decision of the question before the court. But
if the remark was intended to express the opinion that no con-
veyance could be made by an heir or devisee within three
years after letters testamentary had issued on the estate of the
ancestor which would satisfy the meaning of the words,
" aliened in good faith," in the statute, (2 *Rev. Stats.*,
455, §§ 51, 61), then with great deference to the accom-
plished judge alluded to, I cannot but think that opinion was

not well considered. The true view of these statutes was undoubtedly taken by the late Justice Barculo in the case of Hyde v. Tanner (1 *Barb., S. C. R.*, 75). During the three years after granting letters testamentary or of administration, the real estate of which the testator or intestate died seized remains liable to be sold by the order of the surrogate on the application of the personal representatives for the payment of debts. There is nothing to prevent an heir or devisee from selling and conveying during these three years. Any title, however, derived from or through heirs or devisees before the expiration of this period is subject to this sort of statutory lien, and will be overreached and defeated by the proper exercise of this statutory power. But this power must be exercised within this period, and that once past, a previous purchaser in good faith, that is for value and without notice of the existence of the debts, has a title which is secure against any suit by a creditor of the ancestor.

In the present case a portion of these lands appear to have been aliened, and, as far as the facts are alleged or disclosed on either side, aliened in good faith without notice of debts previous to the completion of three years from the issuing of letters testamentary on the estate of Henry Waring. These three years, during which the lands could have been sold by the executors for the payment of debts, have now however passed. The petitioner has lost that remedy by his inactivity, and without more than is shown by his petition, he never can subject the lands conveyed to Mr. Cromwell, nor the purchaser, to any lien or responsibility for any portion of his debt if he have one against the estate of Henry Waring.

With respect to such of the devisees and parties to the present action as have not aliened their interests in these lands, the case would be somewhat different. But as to them a creditor by simple contract of the ancestor or rather of a partnership of which the ancestor was at the time of his death a member, is, before he has commenced a suit to establish his claim and enforce its collection in the manner and to the extent permitted by the statute against heirs or devisees, in a position very faintly assimilated even to that of a general judgment creditor. After the creditor has instituted a suit in the precise

manner directed by the statute, has encountered all the de-
fences which may exist to his claim, and has had an account-
ing of all the debts and assets of the ancestor properly mar-
shalled, he will at length obtain a judgment against each of
the devisees for their proper and proportionate share of his
debt. This judgment is declared a lien upon the lands received
by devise in preference to any judgment for the individual
debt of any devisee, and shall be levied of the real estate
devised alone if it has not been aliened, otherwise of any pro-
perty of the devisee to the extent of the value of what he
took by devise. It is not until this point is reached that any-
thing like a lien upon any interest in this real estate will be
created.

This result must be attained in the method directed by the
statute. (2 *Rev. Stats.*, 450, § 99). The proceedings contem-
plated by this chapter, it has been repeatedly held, are a sub-
stitute for all former remedies, legal and equitable, against
heirs or devisees. (See Butts *v.* Genung, 5 *Paige*, 254; Cham-
baugh *v.* Gates, 11 *Paige*, 505). They must be rigorously and
precisely pursued according to the statute. They cannot be
joined with proceedings against the personal representatives
of the debtor, and certainly they cannot be mixed up with
a partition suit. It would be difficult, if not impossible, to
try all the questions which the claim of the petitioner involves
in such a suit as this. Some of the shares or interests in the
premises appear, as far as the facts are now disclosed, not to
be subject to any charge or liability on account of this claim.
As to these shares the petitioner would gain nothing by intro-
ducing such a litigation as he proposes into this suit, while
their owners would be unjustly subjected to the vexation and
delay of a protracted controversy in which they had no inte-
rest before they could obtain the possession of their interest in
the lands or the proceeds. And as to the portion of lands
which have not been aliened, I am unable to see how the peti-
tioner would be in any better position by becoming a party to
this action than he can attain by commencing the suit which
the statute gives him.

If he has or can ever get any lien it must be by making the
allegations and proofs, and after exhausting all the preliminary

remedies which the provisions of the statute require. If there is any obstacle to his accomplishing this in the regular and ordinary way by such a suit, it ought not to be removed by this indirect procedure; and if there be not, then the present suit will not be in the way of the collection of his debts by the statute remedies.

I am satisfied that the petition makes out no case for an interference with this petition suit, by amendment or otherwise, making an accounting of the whole estate of Henry Waring, besides an investigation of the affairs of the partnership of which he was a member, a part of the present action. The application for a receiver as a substantive, independent remedy, I presume, will not be seriously urged.

The application must be denied, with ten dollars costs to each of the parties opposing the motion.