ANDREW J. ROGERS, Respondent, *v.* ELIZABETH PATTERSON and Others, Appellants, Impleaded, etc.

*Lien of the creditors of a decedent on real estate — action to acquire such a lien — against whom it may be maintained.*

During three years after a decedent's death his creditors have a species of statutory lien, running with the land, upon the real estate left by him, but after the expiration of three years this lien terminates, and his debts cease to be a charge

upon such real estate. The remedy against the heirs or devisees of such decedent then commences, and, under the statute, the lands may then be charged, but the action given against the heirs or devisees is not to enforce but to acquire the lien.

The liability of an heir for the debts of the person from whom he has inherited or taken land by devise is measured by the property which has descended to him; to that extent it is personal, and if the property has been alienated before the commencement by a creditor of the deceased of an action to acquire a statutory lien upon the same, such creditor may take a personal judgment against the heir for its value. The remedy of the creditor, however, is founded solely upon the provisions of the statute, and it is confined to an action against the heirs of an intestate, and against the devisees of a testator. It is not given as against the heir at law of a devisee, nor as against the devisee of an heir at law, and the only remedy afforded by the statute, when the property has been alienated before the commencement of the action, is a personal judgment against the heir for the value of the property so alienated, whether it be alienated in good or bad faith.

*Semble*, that after the obtaining of such judgment and an execution thereon returned unsatisfied, the creditor may file his ordinary creditor's bill to set aside a conveyance, made by such heir or devisee, alleged to be fraudulent; but whether such conveyance be fraudulent or not cannot be determined in the action brought to acquire the statutory lien.

APPEAL by the defendants, Elizabeth Patterson and others, from an interlocutory judgment of the Supreme Court in favor of the plantiff, entered in the office of the clerk of the county of New York on the 17th day of April, 1894, upon the decision of the court, rendered at the New York Special Term, overruling demurrers to the complaint, and also from the orders made at the New York Special Term and entered in said clerk's office, overruling demurrers to the complaint.

*Charles Fox,* for the appellants.

*George M. Baker,* for the respondent.

BARRETT, J.:

The complaint here demurred to is framed upon the theory that in an action under the statute against heirs to enforce their liability for debts of the decedent, to the extent of their respective estates in the realty, fraudulent transfers by such heirs can be attacked and judgment given that such debts be collected out of the realty notwithstanding such fraudulent alienation.

We do not think this position can be sustained. It proceeds upon an inaccurate view of the rights of the creditor, and especially of the remedy provided by the statute. During three years after the

decedent's death the creditors have what has been styled "a kind of statutory lien, running with the land," upon the real estate left by him. (*Hyde* v. *Tanner*, 1 Barb. 80 ; *Platt* v. *Platt*, 105 N. Y. 497.) But after the expiration of three years even this lien terminates, and the debts cease to be a charge upon the real estate. (Same cases ; *Covell* v. *Watson*, 20 Johns. 414 ; *Wilson* v. *Wilson*, 13 Barb. 252 ; *Waring* v. *Waring*, 3 Abb. Pr. 246.)

The remedy against the heirs or devisees then commences, and under the statute the lands may then be charged. The action against the heirs or devisees is not, however, *to enforce*, but to *acquire* the lien.

"In that view," as was said in *Hauselt* v. *Patterson* (124 N. Y. 349), "the remedy is by action in equity having the nature of a proceeding *in rem in such sense that when the land has not been aliened by the heir*, the execution of the judgment shall be had by levy upon the real estate descended to him."

The same view is taken in all the cases. Thus, in *Wilson* v. *Wilson* (*supra*) we find the following observations : "It may perhaps be said, in a loose, general sense, that unpaid debts are a charge upon the land in the hands of the heir after the personal estate is exhausted, because they may be made a charge. But they are no lien for any substantial purpose, either in law or equity, until made so by proper proceedings."

In *Covell* v. *Weston* (*supra*) it was held that, since the statute, an heir having lands by descent is liable in respect to such lands whether he has aliened or not, and that in this sense, and no other, has the creditor of the ancestor any lien on the lands descended. "The error," said SPENCER, Ch. J., "into which the plaintiff's counsel has fallen is in supposing that the creditor has an actual lien on the land. He has a lien on the heirs, in respect to the land, so that they cannot convey it, after action brought, to defeat his claim, but he has no lien on the land itself."

In *Waring* v. *Waring* (*supra*) it was said that these proceedings against heirs must be rigorously and precisely pursued according to the statute, and that it was not until judgment that "anything like a lien upon any interest in this real estate will be created." (P. 251.)

These cases were cited with approval and a similar view taken in *Platt* v. *Platt* (*supra*), EARL, J., observing that : "After the

expiration of the three years the debts of the decedent may be enforced against the heirs and devisees in the mode specified in the statute, *and they then cease to be a lien or charge in any sense upon the real estate.*"

The action is really to enforce the statutory liability of the heirs. That liability is measured by the property which descended to them. And to that extent it is personal. For if the property has been aliened before the commencement of the action the plaintiff may take a personal judgment against the heir for its value. (Code Civ. Proc. § 1854.)

The plaintiff's remedy must be found solely in the provisions of the statute. It is thereby confined to an action against the heirs of an intestate and to the heirs and devisees of a testator. It is not given as against the heir at law of a devisee nor as against the devisee of an heir at law. (*Fink* v. *Berg*, 50 Hun, 213.) "Neither has the statute," said DANIELS, J., in the latter case, "by anything contained in it rendered the heir of a devisee liable for the debts of the testator making the devise, and as the remedy has been prescribed and regulated wholly by statute, at the same time being also declaratory of the right of the creditor, and the liability of a devisee as heir of another devisee has not been created, it cannot be maintained under the provisions of the law."

It follows that the only remedy afforded by the statute, where the property has been aliened before the commencement of the action, is a personal judgment against the heir for the value of the property so aliened.

Whether aliened in good faith or bad faith, that is the judgment, and the only judgment provided for. Doubtless upon such a judgment and an execution thereon returned unsatisfied the creditor might file his ordinary creditor's bill to set aside the conveyances alleged to be fraudulent. But that is not the office of this statutory action. And when we consider the nature and possible ramifications of such an action, the difficulty of trying therein collateral issues of fraud is apparent. The statute requires the action to be brought jointly against all the heirs or jointly against all the devisees. (§ 1846.) The sum which the plaintiff is entitled to recover must be apportioned among all the defendants in proportion to the value of the real property descended to each heir or devised

to each devisee.  (§ 1847.)  Further conditions of a sufficiently complicated character are imposed by sections 1848, 1849 and 1850. "After the creditor," as was said by EMOTT, J., in *Waring* v. *Waring* (*supra*), "has instituted a suit in the precise manner directed by the statute, has encountered all the defenses which may exist to his claim, and has had an accounting of all the debts and assets of the ancestor properly marshalled, he will at length obtain a judgment against each of the devisees for their property and proportionate share of his debt."

The plaintiff, if his theory be correct, would add to these burdens an inquiry into the good faith of conveyances made by the several heirs. Some might not have aliened, some might have aliened honestly, others dishonestly, and so on. It is sufficient to say that an inquiry of that character is foreign to the purposes of such an action, and is authorized neither by the letter nor the spirit of the statute. The purpose of section 1853, prescribing that the final judgment shall not affect the title of a purchaser in good faith and for value, etc., was not to authorize an inquiry into the validity of such transfers in the statutory action, but simply to lay down a rule of general application with regard thereto.

Our conclusion is that the demurrers were well taken and should have been sustained. As to the defendants William A. Patterson and David Bonner, the grantees of certain heirs, the complaint does not state facts sufficient to constitute a cause of action herein. There is also an improper joinder of causes of action. As to the defendants Elizabeth Patterson and Catherine Bonner there is an improper joinder of causes of action, and also a defect of parties defendants, in that neither the other heirs nor their personal representatives have been brought in. As to this latter point see *Dodge* v. *Stevens* (94 N. Y. 216) and *Wambaugh* v. *Gates* (11 Paige, 513).

The interlocutory judgment appealed from should, therefore, be reversed, with costs of this appeal to Elizabeth Patterson and Catherine Bonner jointly, and their demurrer sustained, with costs of the Special Term to them jointly, and with costs of this appeal to William A. Patterson and David Bonner jointly, and their demurrer sustained, with costs of the Special Term to them jointly, with leave to the plaintiff to amend his complaint, if so advised, as to both or either of said defendants within twenty days, upon pay-

ment of the costs awarded to the defendants as to whom the plaintiff may so amend.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

So ordered.