(17 Misc. Rep. 648)

## MOYER v. MOYER et al.

(Supreme Court, Special Term, Oswego County. July 25, 1896.)

1. LIENS—CREATION—PAROL AGREEMENT.

A lien on a decedent's estate cannot be created by a parol agreement between claimant and the administrator.

2. EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE—DIVERSION OF ASSETS.

An agreement between a creditor of a decedent and the administrator, by which a diversion of the assets of the estate from the payment of debts is permitted, changes the liability of the administrator from a liability existing in his representative capacity to one of a personal nature.

Action by Jacob Moyer against George Moyer and others—First, to recover judgment against defendant George Moyer for $2,406.33, on his agreement to pay a claim which originally existed against the estate, in which plaintiff was interested as heir; and, second, to obtain an adjudication that said claim is a lien on a portion of the lands owned by decedent at his death, and which were conveyed by certain of the heirs to George Moyer, a co-heir, and that said claim be adjudged such lien prior to a certain mortgage, and prior to certain judgments thereon, and also prior to a deed of a portion of the same. Judgment for plaintiff.

O. M. Reilly, for plaintiff.

John J. Lamoree, for defendants George Moyer and Mary E. Moyer, and in pro. per.

WRIGHT, J. Bartholemew Moyer died intestate January 23, 1888, owning a farm of 65 acres, worth $3,000, and personal assets worth $4,418.71. The debts and funeral expenses of the deceased were about $3,000, including the claim of the plaintiff against the estate, amounting to $1,794.24, and consisting at said date of the following items, viz.: A promissory note of $1,000, dated January 1, 1881, with interest, less $9, paid thereon December 30, 1886; a promissory note for $36.50, dated January 1, 1881, with interest, less $1, paid thereon December 30, 1886; an assigned account of $28.75; and a claim of $300 for two years' work for the deceased. On March 5, 1888, the plaintiff and the defendant George Moyer were appointed administrators of the estate of said Bartholemew Moyer, and substantially all of said personal assets came into George Moyer's hands as such administrator. The deceased left no widow or children. The defendant George Moyer, with the consent and agreement of the plaintiff and all the other heirs and next of kin, used the proceeds of this personal estate to the extent of $1,212 in paying to himself a personal claim of that amount which he held against the estate. He also purchased and took conveyances and releases of the interests and titles of all the heirs and next of kin in the real and personal estate, except the plaintiff's; and in paying for the same (except as to one who is unpaid) he used, with the consent and agreement of the plaintiff, all the proceeds of said personal estate which were left after paying his own personal claim and all the debts except the plaintiff's claim; and he also agreed orally with the plaintiff, in consideration of the plaintiff's consenting to his use of the proceeds of the personal estate in the purchases above mentioned, that he "would become responsible for Jacob's [the plaintiff's] claim, for whatever might come up; and that Jacob's claim was all right, and was just against the estate." Afterwards, on November 13, 1891, George Moyer and wife exe-

cuted a mortgage on his interest in said farm to the defendant John J. Lamoree, Esq., to secure the payment of $1,000. And on January 11, 1892, a judgment for $630.33 in the supreme court was entered in favor of the defendant Nancy Moyer against the said Jacob Moyer and George Moyer. On November 22, 1892, George Moyer conveyed to Mary E. Moyer that portion of his interest in said farm which he purchased from the defendant Susanna M. Ross. The consideration recited in the deed is $500. On August 24, 1893, a judgment in the supreme court for $522.12 was entered in favor of the defendant John J. Lamoree against George Moyer. On August 25, 1893, a judgment for $671.20 was entered in favor of the defendant Beri Moyer against George Moyer. The plaintiff alleges that Mr. Lamoree's mortgage and judgment, and Mary E. Moyer's deed, and Beri Moyer's judgment were granted, obtained, and received by the respective parties thereto for the purpose of hindering, delaying, and defrauding the plaintiff from the collection of his claim against George Moyer. But the evidence fails to establish that allegation. The plaintiff asks that his claim be adjudged a statutory lien, under section 1852 of the Code of Civil Procedure, against the five-sixths interest of said farm owned by George Moyer, after his purchasing the four-sixths interest from the heirs, and that such lien be declared prior to the said liens and conveyances above mentioned, because of the defendant's agreement to pay the plaintiff's claim when he took the conveyances from the others, as above stated. But that agreement did not, in terms, provide that the claim should have the force of a statutory lien, nor was such the understanding of the parties. Furthermore, such a lien cannot be created by parol agreement, but only by the circumstances and conditions of an estate.

Where there is a sufficiency of personal assets to pay all debts, funeral expenses, and expenses of administration, as in this case, the creditor must first resort to them as the primary fund; and, if they are wasted or misappropriated by the administrator, the land cannot be reached, after the expiration of three years subsequent to the granting of letters of representation, as in this case, until the personal liability of the administrator and of his sureties has been exhausted; and, if proper efforts in that direction are wholly or in part futile, the remedy must next be enforced against the husband or wife, legatees, and next of kin, to the amount of the personal assets they have received. Code Civ. Proc. §§ 1837–1860; Kingsland v. Murray, 133 N. Y. 170, 30 N. E. 845; Platt v. Platt, 105 N. Y. 488, 12 N. E. 22; Rogers v. Patterson, 79 Hun, 483, 29 N. Y. Supp. 963.

The plaintiff has made no effort to enforce the collection of his claim against George, as administrator, and against his sureties, nor against the next of kin; and until such efforts are exhausted he could not maintain this action, if there were no other objections. "These proceedings must be rigorously and precisely pursued, according to the statute." Rogers v. Patterson, supra.

There is another fatal objection. The plaintiff having consented to a diversion of the personal assets, so far as his share thereof as

next of kin and his interest therein as creditor were concerned, to purposes other than the payment of his claim, authorizing George to use the same for his personal benefit in purchasing and taking conveyances of the shares above mentioned, and George having acted accordingly, and·the plaintiff also, thereafter, having in an action of partition procured a judgment setting off in severalty to George in fee simple a five-sixths interest in said lands, which was accordingly done in that action, and the plaintiff and George thus, by agreement, having changed the nature of George's liability to pay the plaintiff's claim from a liability existing in his official representative capacity to one of a personal nature, and each having subsequently acted as aforesaid in accordance with that agreement, in such manner that George cannot be reinstated to his original situation, the plaintiff is estopped from maintaining any action to recover his claim against George in his capacity as administrator, and against his sureties, or against the next of kin. And since, under the statute, their liability, if any, precedes that of the heirs, he cannot reach the real estate by means of the statute under consideration. His present liability exists, not in his capacity as an heir, but by the parol contract, which was simply a personal obligation to pay the claim, and it was so understood by the parties; consequently that contract is the only basis of the plaintiff's remedy. The plaintiff is entitled to a judgment against the defendant George Moyer personally for the sum of $1,794.24, with interest from January 23, 1888, with costs. Pulver v. Skinner, 42 Hun, 322. The action against the remaining defendants must be dismissed, with costs to the defendant John J. Lamoree against the plaintiff. No other costs are allowed.

Judgment is ordered accordingly.