(120 App. Div. 810)

NEIL et al. v. ROSENTHAL et al.

(Supreme Court, Appellate Division, First Department. July 15, 1907.)

VENDOR AND PURCHASER—LIEN.

Plaintiffs having, under the will of their mother, an estate in remainder in land, subject to a life estate in their father, who as executor and trustee was given a power of sale of the land, made a contract of purchase with their father and assigned it to defendant, on her agreement to pay them a certain sum at the time, which she did, and a certain further sum on her reselling the property. The father conveyed to defendant, and defendant conveyed to one who did not know of such agreement. *Held*, that plaintiffs, who never had a vendor's lien on the premises, were not entitled to a lien on the purchase money received by defendant on resale; her debt to them being a mere contract debt.

Appeal from Special Term, New York County.

Action by James Neil, Jr., and another against Hattie Y. Rosenthal and another. From a judgment for plaintiffs, defendant Rosenthal appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and LAMBERT, JJ.

Harold Nathan, for appellant.
John W. Ingram, for respondents Neil.
Philip S. Dean, for respondent Marguiles.

LAMBERT, J. The facts as they are alleged in the complaint and found by the court, the complaint being ordered amended to conform with the proofs, are in substance as follows: The mother of the plaintiffs, Elizabeth Neil, died leaving a last will and testament. Under an agreement construing the same, each of the plaintiffs was the owner in remainder of a one-fourth part of the premises involved in this action, subject to a life estate of their father, James Neil, Sr., who, as executor and trustee, was given a power of sale of the premises. The plaintiffs desired to realize upon their interest in the premises, 1712 Madison avenue, city of New York, and after talking with Marcus A. Rosenthal, defendant's husband, the plaintiffs entered into an informal contract with their father, in which the latter agreed to convey the said premises for $17,000. Of this amount $8,500 represented a one-half interest, which was the interest of these plaintiffs. The plaintiffs agreed to give the father $3,000 for his life estate in their one-half in-

terest, so that there would be $11,500 for the father and the other two heirs, leaving $5,500 for the plaintiffs. Subsequently the father agreed to take $11,000 cash upon the consummation of the deal, and a written agreement was drawn up and signed by Rosenthal, whereby he agreed to give the plaintiffs $5,000; $1,000 each upon their assigning to him the contract with the father, and the balance when the property was resold by him. Subsequently Hattie Y. Rosenthal, the defendant, was substituted in the contract for Rosenthal. It is conceded that each of the plaintiffs received $1,000 on the assignment of the contract of purchase with the father, and that subsequently the defendant conveyed the premises to the defendant Marguiles; and the court has found that this conveyance was made to the latter without any notice to him of any rights on the part of these plaintiffs, that the defendant Hattie Y. Rosenthal failed to notify the plaintiffs of the sale, and that she has failed to pay the $3,500, which was to be paid upon her effecting a resale of the premises. The court found, as a conclusion of law, that the plaintiffs were entitled to a lien in the aggregate sum of $3,500 upon the purchase money in the hands of the defendant Rosenthal, and gave judgment accordingly. The defendant Rosenthal appeals from this judgment.

A mere statement of the facts as found by the court is sufficient to show that the plaintiffs never acquired a vendor's lien upon the premises. At most, viewed from the standpoint of equity, they conveyed no more than their interest in the premises; and it is conceded that they received the cash payment agreed upon, and they were not to have anything more until the defendant had resold the premises—a contingency which does not appear to have been further provided for in their contract. The father made the conveyance, and the defendant took a clear title, and she did not owe the plaintiffs anything unless she resold the premises. She was in a position to convey all of the plaintiffs' interest in the premises to the defendant Marguiles, the latter having no knowledge of any alleged equities; for it was only upon this contingency that the plaintiffs were to become entitled to the further sum. During the time which elapsed between the date of the conveyance to the defendant Rosenthal and the deed to the defendant Marguiles there was clearly no vendor's lien upon the premises, and, as the property could be conveyed clear of such a lien, it does not appear reasonable to hold that a lien could arise upon the happening of the contingency upon which the defendant Rosenthal's obligation to the plaintiffs arose. Taking the plaintiffs' own version of the case, there was merely a contract debt on the part of the defendant Rosenthal, and it does not appear from the facts of this case that she was not prepared to pay her debts, or that there was any special reason why the plaintiffs should be given a lien upon this particular fund. It is not the province of a court of equity to interfere to protect one class of creditors over another, except in cases where there are equitable reasons of a controlling nature; and in the present case there are no facts which would entitle the plaintiffs to a higher claim upon the funds in the hands of the defendant Rosenthal than would belong to any other contract creditor.

The plaintiffs do not show themselves entitled to the equitable relief demanded, nor to any equitable relief. It would require a very liberal

construction of the complaint involved to show a right to recover at law. There is no demand for such a recovery, no demand for the recovery of any definite amount, and the whole theory of the action is out of harmony with an action at law. The theory of the complaint, as drawn, is that the $5,500 became due upon the transfer of the contract of sale made by the father with the plaintiffs, while the complaint, as amended upon the trial, shows that the contract, if it existed, was to pay $1,000 to each of the plaintiffs and the balance on the defendant Rosenthal reselling the property. This is not alleged in the complaint, and it would have to be entirely remodeled to meet the facts as they have been found by the court in the present action. Undoubtedly, if the plaintiffs have a cause of action, it is an action to recover upon the contract, and the present complaint is not sufficiently clear to warrant a recovery at law.

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.