HILL v. MOORE et al.

(Supreme Court, Appellate Division, Third Department.　March 10, 1909.)

1. LIMITATION OF ACTIONS (§ 83*)—DEATH OF DEBTOR—RIGHT TO SUE—STATUTORY PROHIBITION.

Code Civ. Proc. § 1844, providing that no action shall be instituted on the debt of a decedent until three years have elapsed after letters of administration on the decedent's estate are granted, is a statutory prohibition against the commencement of the action, within section 406, declaring that, where the commencement of an action has been stayed by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 431–433; Dec. Dig. § 83.*]

2. DESCENT AND DISTRIBUTION (§ 119*)—DEBTS OF INTESTATE—LIABILITY OF HEIRS—WILLS (§ 827*)—DEBTS OF TESTATOR—LIABILITY OF DEVISEES.

Code Civ. Proc. § 1843, providing that heirs and devisees are liable for the decedent's debts to the extent of the estate descended or devised to them, does not create a new absolute liability, but merely provides another method to enforce an existing liability in addition to that presented during the administration by section 2750, by a proceeding to sell decedent's real estate to pay debts.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 433; Dec. Dig. § 119;* Wills, Cent. Dig. §§ 2139, 2141; Dec. Dig. § 827.*]

3. LIMITATION OF ACTIONS (§ 83*)—DEATH OF DEBTOR—EXTENSION OF TIME.

Code Civ. Proc. § 1843, authorizes a suit against heirs to recover an indebtedness of the decedent. Section 1844 declares that no such action shall be instituted until three years after letters granted, and section 406 declares that the time during which an action is prohibited by statute shall not be counted as a part of the time limited to commence it. Testator made a payment on his note to plaintiff October 21, 1898, and died May 31, 1899. Letters of administration were issued July 10, 1899, and an action was brought against decedent's heirs under section 1843, on January 17, 1908. Held, that the nine years within which plaintiff could have sued dated from the payment on the note, and not from decedent's death, and that the action was therefore barred.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 431–433; Dec. Dig. § 83.*]

Appeal from Special Term, Warren County.

Action by Charles P. Hill against John H. Moore and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Jenkins, Kellogg & Barker (J. A. Kellogg, of counsel), for appellants.

James H. Bain, for respondent.

COCHRANE, J. This is an action brought by a creditor of Andrew Moore, deceased, against his heirs, under section 1843 of the Code of Civil Procedure, to enforce an indebtedness of the decedent owing to plaintiff against real property which descended from the decedent to these defendants as such heirs. The defense is the statute of limitations.

The indebtedness is represented by a promissory note executed by said Andrew Moore to the plaintiff March 1, 1888, and payable one year after the date thereof. It is claimed that a payment was made thereon October 21, 1898. Andrew Moore died May 31, 1899. Letters of administration on his estate were issued July 10, 1899. This action was instituted January 17, 1908, or about 9 years 3 months after the alleged payment on the note. Section 1844 of the Code of Civil Procedure prohibited the institution of this action until three years had elapsed after letters of administration on the estate of the decedent were granted. It has been held that this was a statutory prohibition against the commencement of the action, within the meaning of section 406 of the Code of Civil Procedure, providing:

"Where the commencement of an action has been stayed by injunction or other order of a court or judge or by statutory prohibition the time of the continuance of the stay is not a part of the time limited for the commencement of the action."

See Mead v. Jenkins, 27 Hun, 570; Adams v. Fassett, 149 N. Y. 61, 43 N. E. 408.

The six-year statute of limitations on the note, therefore, was extended as against these defendants in an action of this kind by the time which intervened between the death of the decedent and three years after letters of administration on his estate were issued. This latter extension was 3 years 1 month 10 days, which gave 9 years 1 month 10 days for the commencement of the action after the payment on the note of October 21, 1898. The time to commence the action, therefore, expired December 1, 1907.

Plaintiff's only answer to this difficulty is that section 1843 of the Code of Civil Procedure creates a new liability on which his action is based, and that the period of nine years for the commencement of the action dates from the death of the decedent, rather than from the payment on the note. It appears to have been thought otherwise in the cases above cited. Section 1843 does not create an absolute liability against the heirs, but merely provides a method for enforcing an existing liability of the decedent against his assets which have come into the hands of his heirs. The same result might have been accomplished by proceeding in Surrogate's Court under section 2750 of the Code of Civil Procedure to sell the decedent's real estate for the payment of his debts. Plaintiff, for three years after letters of administration were issued, had an enforceable remedy against this real property by such a proceeding to reach the same in Surrogate's Court, and immediately after the expiration of such remedy the present remedy became available to him. There have therefore been nine years since the payment on the note, during all of which time some action or proceeding could have been taken for the enforcement of this indebtedness.

The judgment should be reversed, and a new trial granted, with costs to the appellants to abide the event. All concur.