GREEN v. DUNLOP et al.

(Supreme Court, Appellate Division, Third Department. December 30, 1909.)

1. DESCENT AND DISTRIBUTION (§ 119*)—WILLS (§ 827*)—DEBTS OF DECEDENT —LIABILITY OF HEIRS AND DEVISEES.

The cause of action created by Code Civ. Proc. § 1843, against heirs or devisees to recover an indebtedness existing against the person from whom they acquired the property, can only be maintained against the direct heirs and devisees, and not against the heirs or devisees of such heirs or devisees.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 433; Dec. Dig. § 119;* Wills, Cent. Dig. § 2139; Dec. Dig. § 827.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PARTITION (§ 95*)—JUDGMENT—CONCLUSIVENESS.

A party to a partition action between heirs is bound by the judgment, and can receive none of the real estate not allotted to him by such judgment.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 313–315; Dec. Dig. § 95.*]

3. ACTION (§ 50*)—JOINDER OF CAUSES OF ACTION—PARTIES AND INTERESTS INVOLVED.

Under Code Civ. Proc. § 484, relating to joinder of causes of action, and providing that it must appear from the face of the complaint that such causes affect all parties to the action, a cause of action against an estate and the heirs for a mortgage debt of the ancestor under section 1843 cannot be joined with an action against the estate of one of the heirs and her heirs arising under a partition judgment and stipulation providing for the assumption of the mortgage debt.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 524–547; Dec. Dig. § 50.*]

4. PLEADING (§ 193*)—DEMURRER—JOINDER OF CAUSES OF ACTION.

Under Code Civ. Proc. § 484, blending two or more causes of action together in a single count does not prejudice defendants' rights to demur for improper joinder of causes of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 435; Dec. Dig. § 193.*]

5. ACTION (§ 50*)—JOINDER OF CAUSES OF ACTION—LEGAL AND EQUITABLE CAUSES OF ACTION—PARTIES AND INTERESTS INVOLVED.

Under Code Civ. Proc. § 484, relating to the joinder of two or more causes of action whether they are such as were formerly denominated legal or equitable or both, and providing that it must appear from the complaint that they affect all parties to the action, a joinder of two causes of action which is not permitted cannot be justified by contending that the action is for equitable relief, since such section applies to legal and equitable actions alike.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 524–547; Dec. Dig. § 50.*]

Chester, J., dissenting.

Appeal from Special Term, Albany County.

Action by Elizabeth Green, as administratrix, against Robert Dunlop and others. From an interlocutory judgment overruling their separate demurrers to the complaint, defendants appeal. Reversed.

This is an appeal by the defendants from an interlocutory judgment overruling their separate demurrers to the complaint, alleging (1) that the complaint does not state facts sufficient to constitute a cause of action; (2) that causes of action are improperly joined therein.

The farm which plaintiff's intestate held under warranty deed from Jessie Dunlop Empson was lost to her intestate by the foreclosure of a mortgage which existed thereon at the time the deed was given. Jessie Dunlop Empson died intestate, and her real estate of the value of $50,000 went to her heirs, one third to her uncle Robert Dunlop, now deceased, one third to her aunt Elizabeth Lathrop, now deceased, and the other third to Robert Dunlop, Helen Dunlop, Margaret Dunlop, and Susan Dunlop, her cousins. The personal property had been wholly applied to the payment of the expenses of administration and debts of a prior class, and no assets of said estate remained to the husband and next of kin. Helen Dunlop brought an action to partition the real estate among said heirs, in which action the judgment divided and partitioned it among the parties, so that Elizabeth Lathrop was allotted the homestead "subject to the lien of a certain mortgage upon the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

above-described premises and other premises, given to secure the payment of $8,000 and interest thereon and executed by Robert Dunlop, now deceased, to Sylvester F. Germain, and now owned and held by James F. Germain, and duly recorded in the office of the clerk of Albany county, and the above-described premises are hereby allotted subject to the said mortgage and to the payment of the entire amount of the principal and interest thereof by the said Elizabeth Lathrop her heirs and assigns as and for equality of partition." There was also alloted to her two small strips of land subject to a right of way thereon for Robert Dunlop, his heirs and assigns, to use the same as a public highway. The judgment describes the other allotments to the other heirs. This $8,000 mortgage upon the homestead property was the same mortgage which covered the O'Leary farm, the foreclosure of which lost the property to O'Leary and resulted in his eviction, which constitutes the breach of covenant for which recovery is sought. Thereafter the uncle Robert Dunlop died, not having disposed by will of the property so inherited by him, and it descended to his heirs Elizabeth Lathrop and the defendants Robert Dunlop, Helen Dunlop, Margaret Dunlop, and Susan Dunlop Brown. Thereafter Elizabeth Lathrop deeded the premises set off to her by the partition judgment to one Holden for the consideration mentioned in said deed. The terms, conditions, and considerations of the deed do not otherwise appear. Thereafter Elizabeth Lathrop died, and the interest which she inherited in the real estate of Robert Dunlop, the uncle, descended to her heirs the defendants Alexander D. Lathrop, Helen L. Stotts, and Jenet A. Lathrop. The defendant Jenet A. Lathrop is the executrix of her will. Plaintiff seeks to recover (1) under section 1843 of the Code of Civil Procedure against the immediate heirs of Jessie Dunlop Empson and against the heirs of Robert Dunlop, the uncle, and the heirs of Elizabeth Lathrop; (2) under the partition judgment against the heirs and the executrix of Elizabeth Lathrop.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

H. S. McCall (Peter A. Delaney, of counsel), for appellants.

James G. Madigan (Andrew J. Nellis and Isaiah Fellows, of counsel), for respondent.

JOHN M. KELLOGG, J. The cause of action created by section 1843 of the Code of Civil Procedure against the heirs or devisees to recover an indebtedness existing against the person from whom they acquired the property can only be maintained against the direct heirs and devisees, and cannot be maintained against the heirs or devisees of such heirs or devisees. Rogers v. Patterson, 79 Hun, 483, 29 N. Y. Supp. 963, affirmed 150 N. Y. 569, 44 N. E. 1128. The complaint, therefore, does not state a cause of action against the heirs of Elizabeth Lathrop, nor against any of the defendants on account of their inheritance from Robert Dunlop, the uncle.

With reference to the second alleged cause of action, it is not clear that Elizabeth Lathrop was charged with personal liability for the payment of the mortgage existing upon the homestead and the O'Leary farm. It is clear that she took the homestead subject to the mortgage, and that the homestead was the fund first available for the payment of that mortgage. This would be so without reference to the partition deed. The mortgage covering both properties would be charged against them in the inverse order of alienation, so that, after the conveyance to O'Leary, the homestead remaining to the grantor must first be sold to pay the mortgage debt before the O'Leary place. The provision in the judgment was necessary, however, to show that

the amount of the mortgage had been carved out of the homestead before its allotment. Elizabeth Lathrop, when made a party to the partition action, was bound by the judgment so far that she could receive none of the real estate except such as was allotted to her by the judgment. She was not called upon to renounce her inheritance, nor could she unwillingly be forced to imperil her other property as a condition of receiving the inheritance. It is at least doubtful whether the partition judgment could charge upon her personally a liability after the mortgaged premises were applied to pay the debt. The allegation in the complaint that it was mutually stipulated in the judgment, for the benefit of O'Leary, that Elizabeth Lathrop was to pay the mortgage,- we treat as a conclusion of the pleader merely, and not as enlarging the terms or conditions of the allotment as recited. If, however, we assume that the partition judgment charged upon her a personal liability for the payment of the mortgage debt, it is not clear within the case of Vrooman v. Turner, 69 N. Y. 280, 25 Am. Rep. 195, that the plaintiff may bring an action in her own name to recover thereon. But, if we assume otherwise, the action on said judgment would be against the estate only, and no cause of action is stated against her heirs thereon.

The complaint has attempted to unite a cause of action under the statute against all the defendants with a cause of action against the estate of Elizabeth Lathrop and her heirs arising from a separate, independent agreement. Such joinder is not permitted by section 484 of the Code of Civil Procedure. That section by its terms relates to the joinder of "two or more causes of action, whether they are such as were formerly denominated legal or equitable, or both," and to justify such joinder it must appear from the complaint "except as otherwise prescribed by law, that they affect all parties to the action." The exception referred to relates mainly to mortgage foreclosure. Nichols v. Drew, 94 N. Y. 22, 26. It is clear that the first cause of action mentioned does not affect the heirs of Elizabeth Lathrop, and the second alleged cause of action affects her executrix only. Blending two or more causes of action together in a single count does not prejudice the rights of the defendants to this demurrer. O'Connor v. Virginia Passenger & Power Co., 184 N. Y. 46, 76 N. E. 1082. A joinder of two causes of action which is not permitted cannot be justified by contending that the action is for equitable relief, for the reason that this Code provision applies to legal and equitable actions alike. O'Connor Case, above; People v. Equitable Life Assurance Society, 124 App. Div. 714, at pages 728, 729, 109 N. Y. Supp. 453; Case v. New York Mutual Savings & Loan Ass'n, 88 App. Div. 538, 85 N. Y. Supp. 104. If two or more causes of action are fairly foreshadowed, it is no answer to this demurrer that a valid cause of action is not alleged. O'Connor Case, supra.

We may consider the first cause of action as purely statutory and as of an equitable nature, the effect of which is really to charge the land of a debtor for the proceeds thereof. Mortimer v. Chambers, 63 Hun, 335, 17 N. Y. Supp. 874. But the second cause of action

is simply an action on contract in which money damages only can be awarded. No equitable relief is necessary or proper. In the first or equitable action no liability is shown against the executrix. There is no reason, equitable or otherwise, why the action against the executrix for money only should be joined with the action against the heirs at law for special relief. The rule stands that, in order to justify a joinder of causes of action, it must appear that they affect all the parties to the action. Section 454 of the Code of Civil Procedure provides that two or more persons severally liable upon the same written instrument may all or any of them be included as defendants in the same action. A lessee and the guarantor on his lease cannot be joined in the same action, for the reason that each is liable on a several contract and the cause of action against him does not affect the other. Roehr v. Liebmann, 9 App. Div. 247, 41 N. Y. Supp. 489. The maker and guarantor of a note cannot be joined in the same action for the reason that they are severally liable on separate contracts. Barton v. Speis, 5 Hun, 60.

The statutory liability is by its terms limited to the extent of the estate, interest, or right in the real property which descended to the party sought to be charged.

We are assuming that the estate of Elizabeth Lathrop is a party here solely for the purpose of charging it with liability under the partition judgment. We have not considered the question whether the personal representatives of an heir can be made liable under this section for the indebtedness, for the reason that neither the record nor the briefs put that question squarely before us. It appears that all the property set apart to Elizabeth was lost to her and her grantee by reason of the mortgage which was charged upon it when it came to her. The foreclosure judgment, April 28, 1896, showed $13,429.75 due on the mortgage. We must assume the property was sold in the inverse order of alienation. The O'Leary place brought upon the foreclosure $5,000, all of which apparently was required by the judgment. The partition judgment was entered June 5, 1875, and Jessie Dunlop Empson died December 26, 1873. The amount, principal and interest, of the $8,000 mortgage was charged by the partition judgment upon the homestead. We do not know whether any interest had been paid upon it between the death of the decedent and the judgment. Therefore we cannot say what the charge upon the land was at the time it came to Elizabeth Lathrop. If the judgment in foreclosure required the $5,000 from the O'Leary place, it is apparent that the homestead brought but a trifle over $8,000 if the foreclosure judgment was paid in full. We are not informed whether Elizabeth Lathrop guaranteed the title in her deed to Holden, or what consideration she received therefor. It may be that the consideration received was nominal, for the reason that in fact the property conveyed had no substantial value above the mortgage, or, if she guaranteed her title, that the entire amount of the purchase price is a charge against her estate.

The allegation in the complaint that the real estate of Jessie Dunlop Empson was worth $50,000 gives us but very little assistance. It ap-

pears there was no personal estate at least applicable to paying debts of the class with this mortgage, and it appears that the $50,000 of real estate was at least charged with the mortgage debt. There is no intimation what other debts existed, and there is no allegation which shows that Elizabeth Lathrop acquired any substantial value by having this property set off to her subject to the mortgage thereon. Until the material facts more fully appear, it cannot be understood how the alleged inheritance of Elizabeth Lathrop of one-third of $50,000 of real estate was swallowed up by the foreclosure of a mortgage which took about $8,000 therefrom. The most natural assumption is that, while the value of the land was $50,000, the debts properly chargeable against it reduced that value to a very insignificant sum, or some other circumstance has intervened which has destroyed the value of the property set off to Elizabeth Lathrop. If the latter were the fact, it should have been alleged. It does not appear whether any or all of the property set off to the other heirs was heavily incumbered, or what the terms of partition were with reference to such incumbrances, if any. From the complaint, therefore, it cannot be determined to what extent if any Elizabeth Lathrop acquired property from the deceased, and therefore to what extent she was liable. Neil v. Rosenthal, 120 App. Div. 810, 105 N. Y. Supp. 681; Storr v. Central Bedding Co., 55 Misc. Rep. 398, 106 N. Y. Supp. 546. At the best, we are left to conjecture as to whether there is any liability against the estate of Elizabeth Lathrop outside of the partition judgment. If the plaintiff is to proceed upon the theory of charging upon her estate a part of the indebtedness, without reference to the partition judgment, the facts may more fully appear hereafter, and the proper legal rule may then be applied.

The interlocutory judgment is therefore reversed, with costs, and the demurrers sustained, with costs, with leave to the plaintiff after payment of such costs to make such application within 20 days at Special Term as she may be advised. All concur except CHESTER, J., dissenting.