J. Gregory Martin, as Receiver of The Falls National Bank of Niagara Falls, New York, Respondent, *v.* Leo Winiarski, as Executor and Trustee, etc., of Julian Winiarski, Deceased, and Others, Appellants, Impleaded with Maryan Winiarski, an Infant under the Age of Twenty-One Years, and Leo Winiarski, Individually, Defendants.

Fourth Department, May 15, 1940.

*Salem G. Mansour*, for the appellants.

*Gervase Rhoney,* for the respondent.

CUNNINGHAM, J. The testator died March 2, 1929, and his will was admitted to probate May 3, 1929. The facts upon which the judgment was granted were stipulated by the parties to have been established upon the trial.

The testator during his lifetime owned ninety shares of stock of The Falls National Bank. The bank was closed on March 3, 1933, and a receiver was appointed on October 26, 1933. On January 17, 1934, the Comptroller of the Currency of the United States levied an assessment of $100 per share upon the stockholders of The Falls National Bank. At the time of the assessment the ninety shares of stock were registered upon the books of the bank in the name of the decedent. The estate thus became liable for the assessment. (*Matteson* v. *Dent*, 176 U. S. 521, 530.) At the time the bank was closed there was on deposit therein to the credit of the decedent, Julian Winiarski, the sum of $785.66. The receiver of the bank has declared and paid three dividends to depositors, amounting to eighty per cent. The estate was distributed before the assessment was made by the Comptroller of the Currency and there are not any assets remaining in the executor's possession except the claim for dividends declared upon the deposit of testator in The Falls National Bank, amounting to the sum of $628.53.

The judgment against Leo Winiarski, as executor and trustee of the estate of Julian Winiarski, deceased, in the sum of $9,000, with interest, should be modified by adding thereto a provision that the plaintiff shall recover the sum of $628.53, the amount now in his hands to the credit of the estate of Julian Winiarski; that such amount should be credited upon the judgment against the executor and trustee.

Leo Winiarski, who was joined in this action also individually, did not file an answer and did not appeal from the judgment against him individually. Therefore, such judgment is not before us for consideration.

Upon the record before us the assessment is a debt of the decedent (*Brayton* v. *Dager*, 249 App. Div. 94, 96) and an action to enforce liability thereon may be maintained against the surviving wife, next of kin and legatees of testator (Dec. Est. Law, § 170), and if unable to collect from them, then against the devisees (Dec. Est. Law, § 181, subd. 2, and § 182).

The defendant Mary J. Winiarski is not a legatee or devisee of testator. She is the wife of Teofil Winiarski who conveyed to her without monetary consideration the real property devised to him by testator, and because of that fact judgment was granted against her. This transfer may not be attacked in this action. (*Forrest* v. *Jack*, 294 U. S. 158; *Rogers* v. *Patterson*, 79 Hun, 483; affd. on opinion below, 150 N. Y. 560.) The judgment so far as it applies to Mary J. Winiarski should be reversed upon the law and the complaint dismissed as to her.

The other defendants, Karolina Winiarski, Walter Winiarski, Teofil Winiarski, Edward Winiarski, Eugenia Winiarski and Czeslawa Winiarski, against whom judgment has been taken, received property of testator both as legatees and devisees. The stipulated facts do not state how much they received as legatees and how much as devisees. Recovery against them as devisees is not warranted because it is not shown that the debt cannot be recovered from the surviving wife and legatees, as required by subdivision 2 of section 181 and section 182 of the Decedent Estate Law. Judgment against them as legatees may not be granted upon this record because the amount they received as legatees is not set forth. Furthermore, the amount which plaintiff is entitled to recover has not been apportioned among the defendants, as required by sections 172, 173 and 180 of the Decedent Estate Law.

This action by the receiver of a national bank, brought in a court of this State, is governed by the statutory law of the State. (*Pufahl* v. *Estate of Parks*, 299 U. S. 217.)

The judgment as to the defendants Karolina Winiarski, Walter Winiarski, Teofil Winiarski, Edward Winiarski, Eugenia Winiarski and Czeslawa Winiarski should be reversed upon the law and a new trial granted.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, HARRIS and McCURN, JJ.

Judgment in so far as it relates to the executor modified in accordance with the opinion and as modified affirmed, without costs; judgment in so far as it relates to Mary J. Winiarski reversed on the law, with costs to Mary J. Winiarski and complaint dismissed as to said Mary J. Winiarski, with costs; judgment in so far as it relates to the other appellants reversed on the law, without costs, and a new trial granted as to said appellants.