FRED C. EHNES, Plaintiff, *v.* ADELE J. NOLAN et al., Defendants.

Supreme Court, Special Term, New York County, March 12, 1953.

*Norman & Allen* for defendants.

*Jacob Rosenbloom* for plaintiff.

BENVENGA, J. This is a motion to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

Plaintiff, a creditor of one William E. Murphy, deceased, brings an action under section 170 of the Decedent Estate Law to recover from the legatees of a deceased legatee of the deceased debtor Murphy, to the extent of the assets received by defendants-legatees from the estate of their testator who previously,

by way of legacy, received a portion of the deceased debtor's estate.

Under section 170, an action may be maintained against " the surviving husband or wife of a decedent, and the next of kin of an intestate, or the *next of kin or legatees of a testator* to recover, to the extent of the *assets* paid or distributed to them, for a debt of the decedent ".

The question presented is whether the action can be maintained against persons other than the *direct* legatees of the testator. The question does not appear to have been decided by our courts. There are, however, cases involving the construction of section 176 of the Decedent Estate Law, upon which the moving party relies. That section authorizes an action against " The heirs of an intestate, and the *heirs and devisees of a testator*," for a debt of the decedent, to the extent of the estate, interest, and right in the *real property* which descended or was devised to them by the decedent.

The analogy between the statutes is clear. Both deal with the right of a creditor to enforce his claim against the estate of a deceased debtor. In form, the action is against the estate of the deceased debtor; in substance, it is against the property of the decedent, real or personal, which has come into the possession of his heirs, legatees of next of kin (*Brooklyn Sav. Bank* v. *Wechsler,* 259 N. Y. 9, 13; *Colgan* v. *Dunne,* 50 Hun 443, 444–445).

It is well settled that, under section 176, the action can be maintained only against the *direct* heirs and devisees of the testator, and not against the heirs or devisees of such devisees (*Rogers* v. *Patterson,* 79 Hun 483, 486; affd. 150 N. Y. 560 on opinion below; *Green* v. *Dunlop,* 136 App. Div. 116, 118). By parity of reasoning, it would seem that, under section 170, the action authorized thereby can be maintained only against the *direct* next of kin or legatees of the testator, and not against the next of kin or legatees of such next of kin or legatees.

It is argued that the remedy created by section 176 is in derogation of the common law, and, for that reason, has been held not to apply to devisees of the devisees of a testator. On the other hand, it is urged that the remedy given by section 170 exists independently of statute, and therefore should not be construed so as to deprive the plaintiff of a right of action against the legatees of the legatees of a testator. The argument that section 170 should not be given the same interpretation as section 176 is not convincing; for the same public policy which dictated the rule in the one case undoubtedly dictated the rule in the other.

It is true, as plaintiff argues, that the right of a creditor to pursue the legatee for a debt of the testator exists independently of statute. As has been stated: "Courts of law and courts of equity have, from the earliest times, sustained the creditor's right to satisfaction of his debt from the assets of testator in the hands of the legatee" (*Colgan* v. *Dunne,* 50 Hun 443, 445, *supra*; 2 Davids on New York Law of Wills, § 1136). The right of action, however, was confined to debts on sealed instruments and other specialties, wherein the heir was expressly named and bound. The real estate of the decedent which came into the possession of the heir was not chargeable with even the simple contract debts of the decedent, although the money was laid out in purchasing the very land in question (*Read* v. *Patterson,* 134 N. Y. 128, 131; *Equitable Life Assur. Soc.* v. *Wilds,* 184 App. Div. 435, 439; 3 Blackstone's Comm., 430). This rule, according to Blackstone, was due to the "artificial reason of the law, arising from feudal principles" (3 Blackstone's Comm. 430).

As we have seen, common-law rule has been abrogated in this State. As early as 1786, shortly after the publication of Blackstone's Commentaries, a statute was enacted dealing with the subject. This and other statutes were carried into the Revised Statutes of 1829, which codified the right of creditors and the mode and manner of enforcing the right. These provisions were subsequently carried into the Code of Civil Procedure, and are now to be found in the Decedent Estate Law. (For a historical review of these statutes, see *Read* v. *Patterson, supra,* pp. 131–132, 134–135; *Personeni* v. *Goodale,* 199 N. Y. 323, 332–336.)

The purpose of the Legislature in enacting these statutes was to remove the rigorous and unjust limitations of the common law, so that, at the present time and at least since the adoption of the Revised Statutes, the heirs, legatees and devisees take property of a decedent, whether real or personal, subject to his debts and in subordination of the rights and claims of creditors. In addition, the mode and manner of enforcing the rights of creditors is now entirely prescribed and regulated by statute. It is settled, therefore, that in order to enforce liability, the case must be brought within the provisions of the statute (*Platt* v. *Platt,* 105 N. Y. 488, 496–498; *Read* v. *Patterson, supra,* p. 132; *Hill* v. *Moore,* 131 App. Div. 365, 367, affd. 198 N. Y. 633; *Rogers* v. *Patterson,* 79 Hun 483, 486, affd. 150 N. Y. 560 on opinion below).

As pointed out in the last cited case, "The plaintiff's remedy must be found solely in the provisions of the statute." To paraphrase the language of the opinion, the remedy is thereby con-

fined to an action against the " next of kin or legatees of a testator "; it is not given as against the next of kin or legatees of the next of kin of a testator. Nor has the statute by anything contained in it rendered the heir of a legatee liable for the debts of the testator. And as the remedy is prescribed and regulated by statute, at the same time being also declaratory of the right of the creditor, and the liability of a legatee as heir of another legatee has not been created, it cannot be maintained under the provisions of the statute.

The same result follows from an application of the well-settled principle that statutes *in pari materia* should be construed together and given a uniformity of construction and application (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 221). And while the statutes are in derogation of the common law, in the sense that section 176 confers a right unknown to the common law and section 170 extends a right vested by the common law, nevertheless the statutes are also remedial (and have been so classified by the cases already cited), since they were designed to obviate manifest injustices in the common-law system (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 304). In any event, whether the sections be construed strictly or liberally, they must nevertheless be construed in accordance with the intent of the Legislature. That is the cardinal rule in construction and interpretation of statutes (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 92). When so construed, it is evident that section 170 confers no right of action against the legatees of a legatee of a testator, and that the construction contended for is neither within the letter nor the spirit of the law.

The motion is, therefore, granted. Settle order.