CATHARINE FINK, Respondent, *v.* AMELIA F. BERG, Appellant.

*Devisee of a one-third interest in the testator's real estate — to what degree such a devisee is liable for the testator's debts—costs recoverable against him.*

In a proceeding taken by a creditor of an estate, under the provisions of the statute imposing a liability for the debts of a testator upon the devisees receiving real estate under the provisions of his will, the devisee of an undivided one-third of the residue of the testator's real property is liable only for one third of the claims existing against his estate.

The fact that such devisee is the heir-at-law of another devisee who received a one-third interest in such residue, does not render the former liable for the proportionate amount of such claim, which would have been properly chargeable against such deceased devisee had he not died.

*Semble,* that, as to the share of the debt properly chargeable to the deceased devisee proceedings for its collection should be made, in the ordinary course of administration of his estate, in the same manner in which other debts owing by such deceased devisee were collectible.

That, in such proceedings against a devisee, properly chargeable with one-third of the debt existing against the testator, such devisee is liable, in case judgment is recovered against him, for the full costs and disbursements of the action.

That, in such case, no apportionment of the costs and disbursements should be made.

APPEAL by the defendant, Amelia F. Berg, from a judgment recovered by the plaintiff on a trial at the Special Term and entered in the New York county clerk's office March 5, 1888.

*Erastus F. Brown*, for the appellant.

*N. J. O'Connell*, for the respondent.

DANIELS, J.:

The recovery secured by the judgment was for a debt contracted by Henry Pfenning in his lifetime. By his will he devised his real and personal estate to his wife during her natural life, and after her decease in equal shares to his three children. The defendant was one of these children, and the recovery in the action is against her as devisee, and also as the heir-at-law of one of the other three children who died after the testator and before the commencement of this action. The loaning to the testator of $500 on or about the 14th of February, 1878, was proved beyond any fair ground of controversy, but as to the additional sum of $500 the evidence was by no means so clear. It was, however, shown that the testator, at the time when the loans are stated to have been made, was desirous of obtaining the sum of $1,000. He applied to another person, who was a witness in the action for the loan of about that sum of money. The witness did not himself make the loan, or any part of it; and on account of his declining it the testator exhibited a degree of indifference towards him which led him to believe that the omission to make the loan had given him offense; and on this account he had a conversation with the testator, in which the latter stated to him that he had got the money, and could have got more if he had wanted it; and he added to that, that he had got it at Slater's, in Philadelphia, which was the name of the plaintiff at that time. The conversation with the testator, he said, took place in the winter of 1878 and 1879, and in the course of it his statement was that the testator said he

did not want to go over to Philadelphia; but, he added, "I got it over there from the Slaters, and I could have got more if I had wanted it." And, as the proof was clear and distinct that he had obtained the first $500 from the plaintiff, there was good reason for inferring from this evidence and other testimony in the case, that he had secured a second sum of $500, making the amount $1,000, which was the subject of this conversation from the plaintiff in the action. As to this latter part of the loan, the testimony was sufficient to render the inquiry one of fact whether the testator had, or had not, obtained this sum of money from the plaintiff; and the court having decided the fact against the defendant, upon evidence supporting that conclusion, the decision cannot be set aside because of any infirmity in this part of the proof.

Under this proof the defendant, as devisee of one-third of the testator's estate, was liable for the payment of that proportion of the indebtedness, for it was made to appear in the action that the plaintiff could not recover or collect her debt by proceedings in the Surrogate's Court against the executor of the estate. But as to the one-half of another third of the indebtedness, the defendant does not appear to be liable under the provisions of the statute. The ground of this liability, as the statute has defined it, arises out of the fact that the person liable has been made a devisee under the will of the testator. By section 1843 of the Code of Civil Procedure, devisees, after the heirs, are declared to be respectively liable for the debts of the decedent only to the extent of the estate, interest and right in the real property, effectually devised to them by the decedent; and the only property so devised by the will of the testator to the defendant was one-third of his estate. When there may be more than one of such devisees prosecuted in the action, by section 1847 of the same Code, the recovery as to damages and costs is to be apportioned to the value of the devised property. There is no provision in either of these, or any other section, rendering the devisee liable because, as the heir-at-law of another devisee, he or she may have inherited property previously devised to the deceased devisee. Neither has the statute, by anything contained in it, rendered the heir of a devisee liable for the debts of the testator making the devise; and as the remedy has been prescribed and regulated wholly by statute, at the same time also being declaratory of the rights of the creditor,

and the liability of a devisee as heir of another devisee has not been created, it cannot be maintained under the provisions of the law. But as to the deceased devisee, the indebtedness, if it is to be collected at all, must probably be in the ordinary course of administration, as other debts existing against the deceased devisee are collected. So far, therefore, as the defendant has been charged with the indebtedness proved in the action, as the heir of one-third of the estate devised to a deceased devisee, there seems to be no legal ground for its support.

By the decision of the judge at the trial this liability has been placed upon the assumed fact that the defendant acquired this half of one-third as the heir of the testator. But that finding is not warranted by the facts, for she did not inherit the half of the one-third devised to Lewis Pfenning, the deceased devisee, as the heir-at-law of the testator, but she derived it as the heir-at-law of this devisee, and as to that she has not been rendered liable by reason of the descent of the property to her in this manner. If the statute had charged the indebtedness upon land, then the judgment maintaining this liability might be sustained, but it has not done so. It has gone no further in that direction than to create a personal or individual liability, the judgment upon which has been directed, by section 1852 of this Code, to be satisfied out of the real property devised by the testator to the defendant, and, so far as it has provided for the liability of heirs, that liability has been restricted to the heirs alone of the testator himself.

The other devisee of one-third of the estate, died in September, 1885, leaving one child, and the share descending to that child had been otherwise sold. There was, accordingly, no person who could be proceeded against under the statute other than this defendant, and she was liable for no more than one-third of the debt.

In the judgment which was awarded, the costs and disbursements of the action were allowed against this defendant. That allowance has been complained of as erroneous for the reason that the statute has provided that, in such an action as this, what the plaintiff is entitled to recover for damages and costs must be apportioned among all the defendants in proportion to the value of the real property descended or devised to each devisee, in the same manner as that is declared in section 1839 of the Code. But these sections clearly

apply only to an action brought against two or more devisees. They have no application to the case where the action is against a sole defendant as heir or devisee. In such an action no apportionment of the costs is directed to be made. The extent of the liability of the devisee has been defined and delared. Whether the suit be against a devisee as the person who alone is liable, or against two or more, the liability for the indebtedness is still the same. But as to the costs no apportionment has been directed, or can be made, under the provisions of the statute where, as in this case, the action is against a sole devisee. The judgment, however, should be so far modified as to limit the liability of the defendant to one-third of the indebtedness, with interest upon it, and as so modified it should be affirmed, without costs of the appeal to either party.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment, as modified, affirmed, without costs of the appeal to either party.