JANE COLGAN, AS ADMINISTRATRIX, ETC., OF ANTHONY DAVIN DECEASED, RESPONDENT, v. PATRICK DUNNE AND OTHERS, APPELLANTS.

*Right of the creditors of a deceased debtor to recover assets received by his legatees — it exists independent of statute — Code of Civil Procedure, secs. 1837, 1841 — an action to recover a deficiency judgment in foreclosure is to be regarded as brought upon a sealed instrument.*

In an action, commenced in 1886, brought by the plaintiff to charge the above-named defendants, as legatees under the last will and testament of Michael Dunne, deceased, with the amount of a deficiency judgment arising upon the foreclosure of a bond and mortgage, made by Michael Dunne in favor of the plaintiff, on the 17th day of August, 1865, which became due and payable on the 17th day of August, 1868, it appeared that the mortgage was duly foreclosed and that a deficiency judgment was entered upon the bond of the said Michael Dunne, on the

5th day of December, 1882, in the sum of $854.18, with interest thereon from June 29, 1882. The answer admitted that the defendants were legatees under the said last will of Michael Dunne, deceased, and the court found on the trial that, as such legatees, they received the aggregate sum of $50,000 from his estate. The will and inventory were recorded and filed in 1870, and the estate was distributed in 1872.

*Held*, that a contention by the appellants that the action was not based upon a sealed instrument, but upon the statute liability created by sections 1837–1841 of the Code of Civil Procedure, and that it accrued in 1872, when the estate was distributed, and was barred by the six-year or the ten-year statute of limitations, could not be sustained.

That the right to pursue the legatees for the debt of the testator existed, independent of the statute, and that courts of law and of equity have, from the earliest times, sustained the creditors' rights to satisfy all his debts from the assets of the testator in the hands of the legatee.

That while, in form, the action was against the legatees, it was, in substance, against the property of the testator in the defendants' hands; that while the statute regulated the procedure it did not create the right.

That the action must be regarded as brought upon a sealed instrument, and that the period of limitation was twenty years.

That the introduction of the deficiency judgment upon the trial did not injure the defendants, as the effect of that proof was to limit the plaintiff's recovery and not to enlarge it.

APPEAL from a judgment in favor of the plaintiff, entered on May 23, 1888, in the office of the clerk of Kings county on the decision of Justice BROWN, before whom the action was tried at the Kings county Circuit, without a jury.

The action was brought in 1886 by the plaintiff to charge the above-named defendants and others, as legatees under the last will of Michael Dunne, deceased, with the amount of a deficiency judgment arising upon the foreclosure of a certain bond and mortgage made by Michael Dunne, in favor of the plaintiff, on the 17th day of August, 1865, which became due and payable on the 17th day of August, 1868. The mortgage was duly foreclosed, and a deficiency judgment entered upon the bond of said Michael Dunne on the 5th day of December, 1882, in the sum of $854.18, with interest from June 29, 1882.

The answer admitted that the defendants were legatees under the last will of Michael Dunne, deceased, and the court found on the trial that as such legatees they received, in the aggregate, the sum of $50,000 from the estate of said Michael Dunne. It also found

that the will was admitted to probate on February 7, 1870, and that the executors made a distribution and division of the assets among the various defendants to whom they were bequeathed by the will.

*Wm. M. Benedict*, for the appellants.

*Wm. J. Carr*, for the respondent.

Pratt, J.:

Appellant contends that the action is not based upon a sealed instrument, but upon the statute liability created by sections 1837–1841, Code of Civil Procedure, and that it accrued in 1872, when the estate was distributed, and that it is barred by the six-year or by the ten-year limitation.

We think the right to pursue the legatee for the debt of the testator exists independent of the statute. Courts of law and courts of equity have, from the earliest times, sustained the creditor's right to satisfaction of his debt from the assets of testator in the hands of the legatee. (Bract., book 2, chap. 26, fol. 61; 2 Bl. Com., chap. 32; 6 Bac. Abr. Legacies, *h*; 2 Redf. on Wills, § 56; 1 Wash. on Real Prop., chap. 3, § 73; *Watkins* v. *Holman,* 16 Peters, 25; *Noel* v. *Robinson*, 1 Vern., 90–94; *Newman* v. *Barton*, 2 id, 205; *Nelthrop* v. *Hill*, 1 Ch. Cas., 136.) The theory is that the testator cannot cut off the right of his creditor to satisfaction of the debt from testator's estate. In form the action is against the legatee; in substance it is against the property of testator in defendant's hands. The statute regulates the procedure, but does not create the right.

It follows that the action must be regarded as brought upon a sealed instrument, and the period of limitation is twenty years. That period has not elapsed since the execution of the bond and mortgage. The introduction of the deficiency judgment did not injure defendant. The effect of that proof was to limit the plaintiff's recovery, not to enlarge it. Proof of the mortgage and its recitals established a cause of action for $3,000 and interest. By introducing the judgment in foreclosure, plaintiff, in effect, showed that, except as to the amount of the judgment, the bond and mortgage were paid. It cannot be justly said that defendants are held liable

for the costs of that suit. Proper statement would be that a portion of the proceeds of sale being used to defray the expenses of the foreclosure, that amount was not applied to the reduction of the mortgage debt, which, therefore, remained a liability for which defendants must respond.

Judgment affirmed, with costs.

Barnard, P. J., and Dykman, J., concurred.

Judgment affirmed, with costs.