PYATT v. WALDO et al.

(Circuit Court, S. D. New York. January 15, 1898.)

1. LIMITATION OF ACTIONS—REMEDY AND CAUSE OF ACTION—LIABILITY OF HEIR FOR ANCESTOR'S DEBT.

The statute of New York, providing that land of heirs and devisees may be taken in payment of debts of the ancestor or testator, gives a remedy only; the cause of action is founded on the obligation of the ancestor or testator to pay the debt; and the statute of limitations is available to the heir only as it would have been to the ancestor.

2. SUBJECTING HEIR'S REAL ESTATE TO PAYMENT OF ANCESTOR'S DEBT—PROOF OF INSUFFICIENT PERSONALTY.

Where the evidence is such as to leave no reasonable doubt that there were no personal assets of the ancestor for the payment of a debt, the real estate in the hands of the heir will be subjected to its payment.

3. LIABILITY OF THE HEIR OF AN HEIR FOR DEBTS OF THE ANCESTOR—ABSENCE OF STATUTORY PROVISION.

Since at common law the heir of an heir would be liable, to the extent of real estate received by him, for a specialty made by the ancestor, and expressed to be binding on heirs, notwithstanding such liability is not expressly created by the statute of New York, which provides that the lands of heirs or devisees can be taken in payment of debts of the ancestor or testator, it will be held to exist, and be enforced in equity, in the absence of an express decision on the point by the court of appeals, and in view of the conflicting decisions of the state courts.

Lord, Day & Lord, for complainant.
Goodrich, Deady & Goodrich, for defendants.

TOWNSEND, District Judge. This is a suit brought to collect from the heirs of Sarah C. H. Waldo, deceased, the amount due on a bond made by her in her lifetime. Said bond became due January 12, 1873. Said Sarah C. H. Waldo died in April, 1873. This action was commenced in February, 1891. The only party now defending is Rhinelander Waldo, a grandson of Sarah C. H. Waldo. Said Sarah C. H. Waldo devised all her real estate to her two sons, Horace and Francis, so that said Francis took the same interest as he would have taken if there had been no will. Said Francis subsequently deceased, leaving as his heirs three children, of whom the defendant Rhinelander is one. The one-sixth of the real estate which came to Rhinelander from his grandmother, through his father, is worth more than the one-sixth of the balance due on the bond sought hereby to be recovered from him. He makes three defenses: First, that the action is barred by the general statute of limitations in New York, providing that actions not specially mentioned must be brought within 10 years after the accruing of the cause of action; second, it has not been proved that Mrs. Waldo did not leave sufficient personal property to pay the debt of the plaintiff; third, that the statute of New York, providing that land of heirs and devisees can be taken in payment of debts of the ancestor or testator, does not apply to heirs of such heirs and devisees.

The question of the statute of limitations seems to be settled by Colgan v. Dunne, 50 Hun, 443, 3 N. Y. Supp. 309, and Hauselt v. Patterson, 124 N. Y. 349, 26 N. E. 937, both of which cases hold that, although the remedy is given by statute, the cause of action is founded upon the obligation of the ancestor to pay the bond, and that the statute of limitations is no more available to the heirs than it would have been to the ancestor. The bond being under seal, by the statutes of New York the action may be brought within 20 years from its maturity, as has been done. Defendant makes no claim under the statute of limitations of South Carolina, where said bond was payable. Moreover, the statute of limitations has not been pleaded as a defense.

The evidence is such as to leave no reasonable doubt that there were no personal assets available for the payment of this bond, and no evidence or claim is made to the contrary, and in the circumstances it should be held sufficient.

Inasmuch as the real estate left by Mrs. Waldo was devised to her sons in exactly the same manner as they would have inherited, they take as heirs. 4 Kent, Comm. 594; Buckley v. Buckley, 11 Barb. 43. In Fink v. Berg, 50 Hun, 211, 2 N. Y. Supp. 851, it is held that the statute of New York does not render the heir of a devisee liable for the debts of a testator, and, as it is declaratory of the rights of the creditor, and the liability of the heir of a devisee has not been created, it cannot be maintained under the provisions of the law. The authorities cited in the exhaustive brief of counsel for complainant seem to establish that at common law the heir of an heir would be liable, to the extent of the real estate received by him, for a specialty made by the ancestor, and expressed to be binding upon heirs. And it also appears that this liability can be enforced by a court of equity. Chewett v. Moran, 17 Fed. 820, and other cases there cited. Traud v. Magnes, 49 N. Y. Super. Ct. 309, holds directly that the indebtedness of an ancestor follows the

real estate into the hands of the heir or his devisee. This case, al-though directly contrary to Fink v. Berg, and five years earlier, is not there mentioned. Colgan v. Dunne, supra, says that the remedy, and not the right of action, is given by statute; and Hauselt v. Patterson, supra, takes the same view. In the absence of any express decision on the point involved by the court of appeals of New York, and in view of the conflicting decisions, that conclusion which is most agreeable to the common law, to justice, and the course of equitable procedure, should be adopted. Let a decree be entered for complainant.