(37 App. Div. 323.)

HOWELL v. WALLACE et al.

(Supreme Court, Appellate Division, Fourth Department. February 3, 1899.)

1. LANDLORD AND TENANT—PARTNERSHIP—ESTOPPEL.

 On the death of a partner, the survivor bought his interest of the executor, assuming all debts (of which their landlord had knowledge), changing the signs, and carrying on the business in his own name. He afterwards adjusted the rent with the landlord, crediting the latter's store account, paying some cash, and giving his note for the balance, which included an old note of the firm. He made payments on his note, and paid rent, and the landlord afterwards sued him on the note and for the rent accruing after its date, and got judgment. The landlord never made any claim against the deceased partner's estate, nor offered to surrender the note or cancel the judgment. He made no claim that the note was given in fraud, or that the purchase from the executor was fraudulent. *Held* that, the survivor having failed, he could not recover the rent of the deceased partner's heirs.

2. DESCENT AND DISTRIBUTION—LIABILITY OF LEGATEES—EQUITY.

 Under Code Civ. Proc. § 1837 et seq., providing that a creditor of a decedent may pursue the property after distribution, and that each legatee is liable to the extent of his legacy; and section 1839, providing for a ratable apportionment among the recipients,—a proceeding to subject such property should be by bill in equity.

Appeal from trial term.

Action by Suanna J. Howell, as executrix of the will of Christeon G. Howell, deceased, against Agnes Wallace and others. There was a judgment for defendants, and plaintiff appeals. Affirmed.

Prior to January 1, 1894, Mathias Schenck and Frank L. Pease leased of Christeon G. Howell a store in Corning, at the stipulated rental of $40 per month, and, as co-partners, continued in the occupancy thereof, under this arrangement, until the death of Schenck, October 27, 1895. On November 1st preceding, the co-partners had a settlement with Howell, and gave him their firm note for $200, the balance then due for rent. After the death of Schenck, the surviving partner, Pease, remained in possession of the store, and carried on the business without change until March 16, 1896, when the executor of Schenck sold to him the business, in consideration of which Pease assumed all the firm liabilities. Howell knew of this transfer, and, after it was made, Pease occupied the store, carrying on the business in his own name, having a sign indicating that fact, and attorning to the landlord until October, 1897, when he failed in business. In the early part of November, 1896, Howell and Pease had an adjustment of their affairs, and, including the $200 note given by Schenck and Pease, there was a balance due Howell of $677. Pease paid $77 of that indebtedness, and gave his note, due one day after date, as evidence of the balance of the demand. After the failure of Pease, and on the 4th day of October, 1897, Howell sued him on the note, and for the use and occupation of the premises subsequent to its date, and, on November 3d of that year, recovered a judgment against him for $721.85. Execution was returned unsatisfied, and proceedings supplemental to execution were instituted against him. Schenck, by his will, bequeathed his property to various legatees, who, with the exception of Pease, constitute the defendants

.in this action, which was commenced November 20, 1897. The executor of the will had a judicial settlement of his account in the surrogate's court, and a distribution of the assets was made to said defending legatees, in pursuance of the decree entered on the judicial settlement of the account of the executor. No claim was presented to the executor by Howell, and no offer to surrender the note or cancel the judgment was made by him until on the trial. The agreement between the executor and Pease is not assailed as fraudulent. The plaintiff is the executrix of Christeon Howell, who died since the appeal was taken.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLEN-NAN, and SPRING, JJ.

James O. Sebring, for appellant.

Francis A. Williams and William J. Tully, for respondents.

SPRING, J. The plaintiff seeks to charge the defending legatees in accordance with section 1837 et seq. of the Code of Civil Procedure. It is very obvious Christeon Howell, the plaintiff's testator, intended to treat the defendant Pease as the exclusive debtor. He knew of the fact that Pease. had purchased the interest of his former co-partner of his executor; that, by this purchase, Pease assumed the payment of the firm's indebtedness, and, after this, Howell recognized and assented to this agreement, by accepting rent from Pease, and treating him as his tenant. Of course, the agreement between the executor and Pease would not ipso facto absolve the executor from liability to Howell for any indebtedness outstanding against Schenck at the time of his death; but the facts exonerating the executor do not depend upon that circumstance, but upon other facts arising from it. After a few months, the landlord had a casting up of accounts with his tenant. He included in his statement the firm note and the rents up to that date, and credited whatever payments had been made by Pease, and also whatever store account the latter or the firm had against him; and this entire account, thus commingled, was liquidated by Pease paying a part, and giving his note for the major part of the indebtedness. There was no suggestion that this transaction was effected by Pease as surviving partner. The note is by him individually. After this, payments were made on the note, and Pease continued paying rent to Howell, and occupying his store, until his failure. Then there was no offer to return the note to Pease, but, instead, Howell recovered judgment against him. With this judgment still in existence, he sought to enforce his demand against the legatees of Schenck. The complaint does not contain an offer to return this note or cancel this judgment. There is no averment and no proof assailing as fraudulent the conduct of Pease in giving the note, and not the slightest suggestion in the record that the executor, by selling the interest of Schenck in the firm assets to Pease, was engaged in any endeavor to defraud Howell. The scheme to make the legatees pay this claim was an afterthought, originating in the suspension of business by Pease. Howell was in no situation to rescind his arrangement with Pease, as he possessed as much knowledge as the executor of his circumstances, and of everything pertaining to the assumption of the firm's debts by him. With that knowledge, he accepted the fruits of the arrangement, by receiv-

ing payments from Pease, and receiving money for the use and occupation of the building by him. In no event can this action be maintained. If the plaintiff's contention is correct, he must bring a suit in equity, offering to rescind the arrangement with Pease, and to cancel the judgment, with suitable averments showing Howell was the victim of a trick and a fraud.

There is still another insuperable objection to plaintiff's recovery in this action. The practice provided in section 1837 and succeeding sections of the Code of Civil Procedure permits a creditor of a decedent to pursue the property after distribution in the hands of the legatees or next of kin, and provides that each person taking is liable to the extent of the property received by him; and section 1839 provides for a ratable apportionment among the recipients of the decedent. This contemplates an action in equity to adjust these various rights. That is well illustrated in this case. The legatees are eight in number, receiving varying sums, and not one $150 in amount. Yet, if plaintiff's contention is correct, each legatee is liable personally for the full amount of this indebtedness, which is vastly in excess of what any legatee has received. The whole scope of the practice provided by these sections is to limit the liability of the legatee or next of kin to the property derived from the decedent.

The judgment of the trial court is affirmed, with costs. All concur.