THE BROOKLYN SAVINGS BANK, Respondent, *v.* THE JOSEPH WECHSLER ESTATE et al., Defendants, and LOUIS WECHSLER, Individually and as Executor of ABRAM WECHSLER, Deceased, and as Administrator of the Estate of BARBARA WECHSLER, Deceased, et al., Appellants.

10

(Argued March 16, 1932; decided April 26, 1932.)

*Sidney Rossman* and *Henry K. Heyman* for appellants. The payments of interest by the corporation are not chargeable to the legatees and did not toll the Statute of Limitations against them. The legatees are not to be charged by disregarding the corporate entity. Payments by the corporation are not the same as if made by the legatees. (*Ulster County Sav. Inst.* v. *Deyo*, 116 App. Div. 1; 191 N. Y. 505; *Brock* v. *Poor*, 216 N. Y. 387; *Quaid* v. *Ratkowsky*, 183 App. Div. 428; 224 N. Y. 624; *Salvin* v. *Myles Realty Co.*, 227 N. Y. 51; *Matter of Green*, 231. N. Y. 237; *Ultramar Co.* v. *Minerals Separation, Ltd.*, 126 Misc. Rep. 208; 204 App. Div. 795; 236 N. Y. 647; *Elenkraig* v. *Siebrecht*, 238 N. Y. 254; *Matter of*

*Vannier* v. *Anti-Saloon League*, 238 N. Y. 457; *Almirall & Co.* v. *McClement*, 207 App. Div. 320; 239 N. Y. 630; *Birkmire* v. *Campus Realty Co.*, 253 N. Y. 598; *Jenkins* v. *Moyse*, 254 N. Y. 310; *Imar Mortgage Corp.* v. *Ticoli Realty Co.*, 232 App. Div. 635; 257 N. Y. 76; *Klein* v. *Board of Supervisors*, 282 U. S. 24.) Corporate entity is no more to be disregarded as to so-called " family corporations " than as to other corporations. (*Elenkrieg* v. *Siebrecht*, 238 N. Y. 254.)

*Ira L. Anderson* for respondent. The action against the legatees and the personal representatives of such of the legatees as have died, is not barred by any Statute of Limitations. (*Adams* v. *Fassett*, 149 N. Y. 61; *City Equity Co.* v. *Bodine*, 141 App. Div. 907; *Hill* v. *Moore*, 131 App. Div. 365; 198 N. Y. 633; *DeCrano* v. *Moore*, 50 App. Div. 361; *Colgan* v. *Dunne*, 50 Hun, 443; *Holly* v. *Gibbons*, 176 N. Y. 520; *Jakobson* v. *Lawrence*, 93 Misc. Rep. 61; *Hamlin* v. *Smith*, 72 App. Div. 601; *First Nat. Bank* v. *Ballou*, 49 N. Y. 155; *Clute* v. *Clute*, 197 N. Y. 439; *Matter of Hollenbeck*, 119 App. Div. 757; 195 N. Y. 143; *Hanover Nat. Bank* v. *American Dock Co.*, 148 N. Y. 612; *Logan* v. *Fidelity-Phenix Fire Ins. Co.*, 161 App. Div. 404; 220 N. Y. 688; *Goss & Co.* v. *Goss*, 147 App. Div. 698; 207 N. Y. 742; *Anthony* v. *American Glucose Co.*, 146 N. Y. 407; *Komow* v. *Simplex Co.*, 109 Misc. Rep. 358; 191 App. Div. 884; *Carney* v. *Penn Realty Co.*, 174 App. Div. 86; *Remington & Son P. & P. Co.* v. *Caswell*, 126 App. Div. 142; *Seymour* v. *Spring Association*, 144 N. Y. 333.) Payments of interest by legatees are sufficient to prevent the claim for deficiency judgment from being barred. (*Colgan* v. *Dunne*, 50 Hun, 443; Decedent Estate Law, § 170.)

Pound, Ch. J. On October 31, 1894, Joseph Wechsler gave a bond under seal for the payment of $100,000 on October 31, 1895. The bond was secured by the

mortgage now in process of foreclosure, which was executed by him and his wife. He died October 21, 1896, leaving his estate to his widow and children. The will was probated, notice to creditors duly published, and on the death of the widow in 1906 the estate was distributed. On May 14, 1906, the surviving children of Joseph Wechsler organized a corporation known as " The Joseph Wechsler Estate " and conveyed to it all the real estate inherited by them from their father, including the mortgaged premises, in consideration of shares of stock in the corporation. The corporation remains the holder of the title of the real estate and the title to the corporate stock remains in the children of Joseph Wechsler who are the only directors and officers of the corporation. It is a " family corporation " in the truest sense.

Joseph Wechsler paid the interest on the mortgage until his death. His executors then paid it until the final administration of the estate in 1906. Thereafter, up to April 1, 1928, interest was paid by checks of the corporation out of corporate funds kept in a separate bank account. No payments were made by the stock-holders individually.

This action was begun February 26, 1930, more than twenty-three years after the last payment of interest by the executors, which was on April 1, 1906.

It is sought to charge the legatees of the mortgagor with any deficiency which may arise on the mortgage foreclosure to the extent of the assets distributed to them under the provisions of Decedent Estate Law, section 170 (Cons. Laws, ch. 13), formerly section 1837, Code of Civil Procedure, which reads as follows:

" § 170. Action against legatees and others to enforce liability for decedent's debt. An action may be maintained, as prescribed in this article, against the surviving husband or wife of a decedent, and the next of kin of an intestate, or the next of kin or legatees of a testator to recover, to the extent of the assets paid or distributed to

them, for a debt of the decedent, upon which an action might have been maintained, against the executor or administrator. The neglect of the creditor to present his claim to the executor or administrator, within the time prescribed by law for that purpose, does not impair his right to maintain such an action."

The appellants rely on the twenty-year Statute of Limitations (Civ. Pr. Act, § 47) as a defense.

The first question is whether an action "against the executor" could be maintained if the executor had not been discharged and had made no payments on the bond but payments had been made thereon by legatees within twenty years from the time the foreclosure action was begun. To make payments effective against a party to save a claim from the Statute of Limitations they must have been made by him or for him by his authorized agent (*McMullen* v. *Rafferty*, 89 N. Y. 456, 459; *Littlefield* v. *Littlefield*, 91 N. Y. 203; *Ulster Co. Savings Institution* v. *Deyo*, 116 App. Div. 1; affd., 191 N. Y. 505), and it is argued therefrom that payments by legatees, the executor being undischarged, not being made by the executor or for him by his authorized agent, would not be payments by or for such executor so as to save the claim against the estate from the running of the statute.

If the cause of action were purely statutory much might be said for this argument, but the right to pursue the legatee for the debt of the testator exists independently of the statute. "The statute regulates the procedure, but does not create the right." (*Colgan* v. *Dunne*, 50 Hun, 443, 445.) In form the action is against the legatee; in substance it is against the property. Any payment to protect the property made by a legatee saves the claim from the statute as against him. So far as he acts as an authorized agent for the other legatees the payment saves the claim from the statute as against them.

It is, however, claimed that no payments have been

made by any legatee or any authorized agent of a legatee within twenty years prior to the commencement of this action; that we may not disregard the corporate fiction and consider the corporation known as "The Joseph Wechsler Estate" either as a collection of the individual legatees or as the authorized agent of such individual legatees; that the corporate entity owns the mortgaged property and pays interest to protect itself; that the legatees in creating such an entity relieved themselves wholly from responsibility for its acts. (*Brock* v. *Poor*, 216 N. Y. 387, 402; *Matter of Vannier* v. *Anti-Saloon League*, 238 N. Y. 457, 463.)

As Mr. Justice HOLMES has said in *Klein* v. *Board of Supervisors* (282 U. S. 19, 24): "It leads nowhere to call a corporation a fiction. If it is a fiction it is a fiction created by law with intent that it should be acted on as if true. The corporation is a person and its ownership is a nonconductor that makes it impossible to attribute an interest in its property to its members."

Professor Wormser has attempted a generalization from decided cases of the exception which disregards the corporate fiction. He says (The Disregard of the Corporate Fiction, etc., p. 84): "When the conception of corporate entity is employed to defraud creditors, to evade an existing obligation, to circumvent a statute, to achieve or perpetuate monopoly, or to protect knavery or crime, the courts will draw aside the web of entity, will regard the corporate company as an association of live, up-and-doing, men and women shareholders, and will do justice between real persons."

No wrongdoing is obvious here. It is sought to revive an ancient liability by piercing the armor of corporate entity which was put on by the legatees to protect themselves from personal liability. If the mortgaged premises had been conveyed to a stranger, such stranger could not in the eyes of the law be more apart from the legatees than is their own corporation. The law legitimatizes

the limitation of personal liability by the creation of corporations. Innocent parties acting in reliance thereon should not be lulled into a false security nor should sudden divagations be made from the path of the law in order to save old debts.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Judgment accordingly.