DINAH GROSS, Plaintiff, *v.* LEAH MILLER, Defendant.

Municipal Court of New York, Borough of Manhattan,, Fourth District,
May 16, 1934.

*Allen Caruthers*, for the plaintiff.

*Max F. Finkelstein*, for the defendant.

PRINCE, J.   These actions, tried together by consent, are brought by the plaintiff, the widow of Abraham Gross, deceased, pursuant to the provisions of sections 170, 171, 172 and 173 of the Decedent Estate Law, against the defendant, who is the sole next of kin and distributee.   Action No. 1 is brought to recover the sum of $1,000 alleged to have been loaned to decedent.   Action No. 2 is brought to recover the sum of $385.72 under an order of the Supreme Court of the State of New York, made on the 14th of December, 1928, awarding the plaintiff alimony *pendente lite* against decedent from November 20, 1928, to the date of decedent's death, to wit, March 22, 1929.

In addition to other defenses, defendant denies that this court has jurisdiction over the subject-matter, contending that the actions are in equity; defendant insists that plaintiff seeks a distribution, which can be made only by a court having equity jurisdiction. I find, however, that a distribution of the estate having already been made, and since the defendant is the only distributee and next of kin, and there are no creditors other than the plaintiff, a determination of the issues in this case would not require this court to depart from the domain of law and would not necessitate the application of principles of equity. The action is to enforce a debt incurred by decedent, and, therefore, comes within the purview of section 170 of the Decedent Estate Law.

With regard to the question of fact as to whether or not plaintiff loaned to defendant at divers times the sum of $1,000, I regard the claim with suspicion. Plaintiff received her widow's share from the estate as adjudicated in the court in Poland, and no further claim was made by plaintiff of any kind or nature until after the distribution. I regard plaintiff's evidence as wholly insufficient to sustain her contention, and find it lacking in that preponderance which the law requires. The action for money loaned is, therefore, dismissed.

With regard to the second cause of action for alimony past due and unpaid, it must be remembered that the payment of all claims and the final distribution of the estate were consented to by plaintiff after a hearing and voluntary appearance in the Polish court. The Polish decree thereafter entered upon such voluntary appearance by plaintiff and defendant definitely adjudicated their rights in the estate, and it is pursuant to such adjudication that a distribution took place and plaintiff was paid and accepted her share as provided for in the decree. On this point it is pertinent to refer to the decision of Mr. Justice COXE in the United States District Court in a proceeding commenced by the plaintiff, in which Judge COXE says as follows: " The Polish court had jurisdiction to administer the property found in Poland; and this court should not undertake either to control or override the disposition of the estate made by the Polish tribunal. Furthermore, the Polish decree was made after notice to the widow, and after receiving her deposition with reference to the payment of various charges against the estate, and she is not in a position now to complain that her own personal claim against the deceased was not given recognition."

With this adjudication I am in full accord. Additional evidence of plaintiff's inconsistent position is to be found in defendant's Exhibit A, one copy of which was signed by the plaintiff on June

21, 1932. It thus appears that plaintiff and defendant and their respective attorneys appeared in the office of the Polish Consul in the city of New York and the claims against the estate were gone over and finally the distribution was accepted by both parties, such distribution being made pursuant to the laws of the State of New York, one-third of the net estate, after payment of all claims, to the widow (plaintiff herein), and two-thirds to the daughter (defendant herein). Thereafter and pursuant to such acceptance and after payment of all approved claims, the attorney for the Polish Consul received two checks, one for $1,543.57, payable to the plaintiff as her share, and one for $3,087.03, payable to the daughter, the defendant, as her share. Both checks were delivered to plaintiff and defendant, respectively, and this, in my opinion, establishes an accord and satisfaction. In the absence of any element of fraud, such a compromise is valid. In *Matter of Crowe* (139 Misc. 648) it was held as follows: " The courts have strongly favored the making of compositions in estates, and after the settlement is made, if bad faith or fraud be absent, give vigorous support to its validity."

Judgment is rendered for the defendant and complaint dismissed on the merits in both actions.