KATHERINE RAFF TITUS, Plaintiff, *v.* ADA TITUS, Defendant.

Supreme Court, Special Term, Broome County, March 7, 1941.

*Costello, Cooney & Fearon*, for the plaintiff.

*Oscar J. Brown*, for the defendant.

PERSONIUS, J. This action is brought under article 7 of the Decedent Estate Law to collect certain alleged debts of Ward B. Titus, deceased, out of his real property located in Broome county, N. Y. It is alleged in the complaint that the said Ward B. Titus died intestate at Lawrence, Kan., on or about January 30, 1937, the owner in fee of the real estate described therein, and that the defendant claimed to be his sole heir at law.

Concededly the plaintiff resides at Syracuse, Onondaga county, N. Y., and the defendant resides at Lawrence, Kan. No party resides in Broome county. The venue of the action should, therefore, be changed to Onondaga county (Civ. Prac. Act, § 182), unless the action is one specified in section 183. The latter section provides that certain actions must be brought in the county in which the subject of the action is situated. Among such is " Every * * * action to recover or to procure a judgment establishing * * * lien or other interest in real property * * *." Is this an action to establish a lien upon the deceased's real property or merely an action for a money judgment? We are cited to and have found no direct authority. The plaintiff treated the action as one affecting real property, filed a notice of pendency and served the summons on the defendant personally without the State, pursuant to section 235 of the Civil Practice Act. The defendant appeared generally.

Section 170 of the Decedent Estate Law authorizes an action against the next of kin of a decedent to recover, to the extent of the assets paid or distributed to them, for a debt of the decedent. Section 176 provides that the heir shall be liable for such debts to the extent of the interest in real property which descended to

the heir. Section 185 provides that if real property, which descended to a defendant, has not been aliened, *the judgment must direct that the debt of the plaintiff be collected out of that real property.*

Of an action brought under the foregoing provision, it is said, " * * * but the right to pursue the legatee for the debt of the testator exists independently of the statute. ' The statute regulates the procedure, but does not create the right.' In form the action is against the legatee; in substance it is against the property." (*Brooklyn Savings Bank* v. *Wechsler Estate*, 259 N. Y. 9, 13; *Colgan* v. *Dunne*, 50 Hun, 443, 445.) " In that view the remedy is by action in equity having the nature of a pro ceeding *in rem* in such sense that when the land has not been aliened by the heir the execution of the judgment shall be had by levy upon the real estate descended to him." (*Hauselt* v. *Patterson*, 124 N. Y. 349, 356.) " The action against the heirs or devisees is not, however, *to enforce,* but *to acquire* the lien." (*Rogers* v. *Patterson*, 79 Hun, 483, 485; *Avery* v. *Avery*, 119 App. Div. 698.)

An action for judgment establishing and foreclosing a lien on real property should be brought in the county in which the real property is situated. In *Reichenbach* v. *Corn Exchange Bank Trust Co.* (249 App. Div. 539, 541) the court said: " In the interest of orderly procedure and for the sake of facility and certainty in title records, this action should be tried in the county within which the realty is located."

The defendant cites *Adams* v. *Fassett* (149 N. Y. 61), which was an action against devisees to enforce a note made by their testator. In applying the Statute of Limitations, the court said (p. 66) that the six-year Statute of Limitations against the note applied. It should. Section 170 of the Decedent Estate Law provides for the recovery for a debt upon which an action might have been maintained against the executor or administrator. If the debt had outlawed, an action thereon could not have been maintained. Nevertheless " The basis of the action is the debt * * *; but that is not the gist of it. It is not an action for the recovery of money only, although the ultimate object of it is to obtain money; nor is it one for the recovery of specific real property, for the plaintiffs cannot have the land * * *; but it is an equitable action to reach real property * * * and to authorize its sale for the purpose of satisfying a debt that the deceased owed the plaintiff. It is strictly an action *in rem* * * *. It was not a case for a jury, but the issues in it were triable by the court." (*Wood* v. *Wood*, 26 Barb. 356, 360; *Mortimer* v. *Chambers*, 63 Hun, 335, 342.)

We conclude that this action is one in equity to establish a lien upon the decedent's real property located in Broome county, N. Y.,

and to have such lien, if established, satisfied out of that real property. It, therefore, seems to be an action for a judgment establishing a lien on such real property which must be tried in Broome county where it is located. (Civ. Prac. Act, § 183.)

Motion denied, with ten dollars costs. Submit order.