NICHOLAS & Co., INC., Plaintiff, *v.* SOCIETE ANONYME DE LA VIELLE CARE DE CENON, Defendant.

Supreme Court, Special Term, New York County, May 19, 1947.

*Murray C. Bernays* and *Abraham Friedman* for defendant.
*Aaron E. Koota* and *George J. Levy* for plaintiff.

STEUER, J. Following an attachment of its property the nonresident defendant appeared and answered. Thereafter an amended complaint was served. Defendant contends this amended complaint pleads a cause of action different from the one originally pleaded and that the consequence of this is that it is entitled to have the attachment vacated and to withdraw its appearance. Whether this contention is sound depends on what is meant by a different cause of action. A different form of action, involving different legal consequences from the same facts, would give rise to no such relief, provided of course that this form was of the description in which attachment is a permissible remedy. A complaint is not an essential of an attachment. What is required is proof of a state of facts giving rise to a right of recovery of a sum of money. If the facts set out will support the amended complaint the amendment invokes no consequences. It appears that all the facts which would entitle an attachment on the amended complaint were set out except as to damages. A sufficient showing of some damage was made, that is the damage claimed in the original complaint. Defend-

ant's remedy under these circumstances would be to have the property attached reduced to the amount established which in turn will limit any recovery to the same amount. Motion denied.