ANNE M. BACKO, Plaintiff, *v.* LORETTA L. WATROUS et al., Defendants.

County Court, Broome County, April 7, 1954.

*Dana B. Hinman* for plaintiff.

*V. H. Multer* for defendants.

BRINK, J.   This action was originally brought pursuant to sections 170 and 176 of the Decedent Estate Law for the purpose of acquiring a lien on certain real property which descended to some of the defendants in the above-entitled action, upon the death of one, Lavinia Warner.   Plaintiff's claim is based upon an assigned undertaker's bill amounting to $400 arising from the funeral and burial of the deceased Lavinia Warner. Defendants' counsel has moved to require the plaintiff to serve an amended complaint eliminating certain defendants who are not heirs-at-law of the decedent.   The plaintiff has moved for leave to serve a supplemental summons and a supplemental and amended complaint.   In the supplemental and amended complaint, the plaintiff seeks to add an additional defendant who was a grantee of the property in question under a deed recorded subsequent to the commencement of this action and the filing of the *lis pendens*.   In the proposed amended complaint, the plaintiff seeks to broaden the scope of his action in equity both as to its nature and as to the relief sought.

The determination of both of these motions necessarily involves the question of the jurisdiction of this court of the subject matter involved.   The County Court is a court of limited jurisdiction.   It has no general equity jurisdiction.   Its jurisdiction in equity is limited to the specific types of actions set forth in section 67 of the Civil Practice Act.   The cause of action set forth in plaintiff's original complaint is a cause of action in equity to establish a lien.   (*Titus* v. *Titus*, 175 Misc. 970; *Hauselt* v. *Patterson*, 124 N. Y. 349; *Brooklyn Sav. Bank* v. *Wechsler Estate*, 259 N. Y. 9.)   This type of an action is more than an action to recover a sum of money, unless, the real property has been aliened before the commencement of the action

or before the filing of the *lis pendens,* in which event , the plaintiff may at his election take a final judgment for the value of the property so aliened or so much thereof as may be necessary to satisfy the debt. (Decedent Estate Law, § 187.) In the present case, the property was aliened after the filing of the *lis pendens.* Under these circumstances, the proceeding remains an action in rem and does not fall within the classification of any of the real property actions specified in section 67 of the Civil Practice Act.

In the proposed amended complaint, the plaintiff sets forth additional debts and obligations of the estate and seeks to impose an equitable trust upon the real property for all of the debts of the decedent. In the amended complaint, the plaintiff further seeks equitable relief by reason of the alleged fraud and collusion on the part of certain defendants.

It is the opinion of this court, that this action does not fall within the meaning and purport of section 67 of the Civil Practice Act and this court is without jurisdiction. Sections 110 and 110-a of the Civil Practice Act afford a remedy whereby an application may be made to transfer the case to Supreme Court. Under these circumstances, it is the determination of this court, that this action and all proceedings therein including the two motions pending before this court shall be stayed for thirty days within which time either party may make an application to the Supreme Court for the transfer of the case to Supreme Court, including the motions now pending. If such application is not made within thirty days, this court will entertain a motion to dismiss the action in this court for lack of jurisdiction.