Fbawcis X. Conlon, J.
Defendant, Jean Dupuy, moves for dismissal of the complaint pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice.
Plaintiffs sued to recover the agreed compensation for professional services rendered in connection with the recovery of very substantial assets which had been seized by the French Government. The agreement is dated August 10, 1946. The assets were ordered transferred by the French Government on April 1, 1955. The agreement provided that payment would be made if “it is determined by James J. Gerard that such recovery by * * * resulted from the efforts made by the undersigned on behalf of ’ ’. Actually the action is akin to one to enforce a common law arbitration. In his letter of June 30, 1950, which is made a part of the complaint, Mr. Gerard refers to a discussion of the Dupuy situation with one of the plaintiffs in view of the reports from Europe of his associate and the political changes in France which may make it possible to bring the case to a conclusion. He indicated his purpose to leave on summer vacation while the case may be finished in Europe before his return and for that reason he was then renewing on June 30,1950 the determination he made on February 15, 1949. That was to the effect that from his knowledge of the case as the plaintiff and Madame Dupuy had discussed it from time to time with him and was refreshed by his conversations of the preceding month, he was making a “ determination ” now that if Madame Dupuy’s children should benefit by any recovery of the kind contemplated by the agreement of October 15, 1946, *248 such recovery will, within the meaning of Clause D of that agreement, “ result from the efforts made by (plaintiffs) on behalf of Madame Paul Dupuy, American citizen He further stated his opinion to be that the critical achievement in the case was securing the intervention of the United States Department of State and the vigorous subsequent action taken by the United States Embassy in Paris and by the department there, as assisted by the plaintiffs in their many visits to Europe. He concluded “ Without these I am of the opinion that the case would have previously been finally decided adversely to the interests of Madame and her children. ’ ’
Plaintiff argues that nothing could be clearer than the fact that the parties to the agreement were satisfied to have a man of Gerard’s standing make his determination at a point in time when only the ministerial act of making the physical return of the assets remained to be done. That fact is not alleged. While it is alleged that the plaintiffs informed the defendants of the determination made by Mr. Gerard and that they never rejected the determination, it is not stated when such information was given to them. The question is whether Mr. Gerard’s statement is the determination required and upon which plaintiffs’ claim must rest, and if it is not the required determination the complaint is insufficient. Plaintiff argues further that the contract is unambiguous and that the question of compliance must be left to the trial for decision whether the determination was the one contemplated.
The complaint is equivocal. If Mr. Gerard’s statement is the required determination, it matters not what defendants think of it or how they reacted to it when it came to their attention. On the other hand, if upon any theory plaintiff relies on the conduct of these defendants in substitution of any deficiency in the statement, then the time and circumstances thereof should be set forth. Certainly, the statement does not, as claimed, reflect a state of completion of the services which left only the doing of a ministerial act to carry out the benefits effected. Otherwise, the allegations of the complaint, the proviso contained in the agreement, and Mr. Gerard’s statement fail to set forth causal relation and fulfillment of the contract in the absence of explicit allegation of the time when the services were completed and the status at the time when the statement was given to enable a determination as a matter of pleading that the statement was the one contemplated and capable of ripening the liability.
The motion is granted, with leave to the plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.