Irving H. Saypol, J.
The defendant Gladys de Polignac moves (1) for an order vacating the warrant of attachment and all levies thereunder (Civ. Prac. Act, § 948) unless plaintiffs consent to the dismissal as against her of the fifth cause of action stated in the second amended complaint, (2) for dismissal of the fifth cause of action (Rules Civ. Prac., rule 107, subd. 1) for lack of jurisdiction over the subject matter, and (3) for an order striking out from the second amended complaint (Rules Civ. Prac., rule 103) portions of paragraphs 13 and 15. By separate motion she moves (Rules Civ. Prac., rule 103) to strike portions of paragraph 11 of the second amended complaint. Plaintiffs cross-move (Civ. Prac. Act, § 96) for an order directing a severance of the fifth cause of action stated in the second amended complaint as to the moving defendant in the event her motion for vacatur of the warrant of attachment is granted.
The original complaint stated a single cause of action and suit was commenced by attachment. Principally, the plaintiffs, attorneys, seek here to recover compensation for professional services rendered to the deceased mother of the moving defendant and to the administrators of her estate. The fifth cause proceeds upon the theory that the estate is indebted to the plaintiffs, the property of the estate is liable to the plaintiffs, that there has been a distribution to the distributees and next of kin of the mother, and that such distributees should be required to pay in proportion to the amount each received from the estate (Decedent Estate Law, § 170).
Concededly, the second amended complaint was served as of right. Since all causes found in one complaint must support an attachment, abuse of the attachment process would result if amendment is allowed after attachment, to permit the addition of a cause not qualifying for attachment. The question is, therefore, raised whether the fifth cause is one to recover a sum of money only (Civ. Prac. Act, § 902).
Plaintiffs are entitled to the reasonable inference that the fifth cause of action rests on section 170 of the Decedent Estate Law and concerns personalty rather than realty. The issue turns not so much upon the fact that the action rests upon the Decedent Estate Law, but rather upon the question whether plaintiff seeks only a sum of money or a sum of money incidental to other relief affecting property. In Avery v. Avery (119 App. Div. 698), on which defendant relies, attachment was denied because the suit sought to charge defendant’s real property with a lien whereas the attachment would be available if only a personal judgment was sought and could be entered *458 (see Hamilton v. Penney, 29 Hun 265). Ehnes v. Nolan (204 Misc. 102, affd. 283 App. Div. 868) is not to the contrary and does not support defendant’s contention that a cause such as this one in rem. And so, also, Backo v. Watrous (206 Misc. 67) which was an action in equity to establish a lien. If we assume the fifth caufee rests on section 170 of the Decedent Estate Law, rather than section 176, this is an action at law (Gross v. Miller, 151 Misc. 727; cf. Gough v. Frost, 190 Misc. 927) and seeks only the recovery of a sum of money. In Backo v. Watrous (supra), it was indicated that in an action upon section 176 of the Decedent Estate Law, if the real property has been aliened before action or before the filing of a lis pendens, the plaintiff may at his election take judgment for the value of the property aliened or so much thereof as may be necessary to satisfy the debt. Since there the property was aliened after the filing of the lis pendens the action remained one in rem. In short, no preliminary relief in equity is necessary here to the award of a money judgment (Bank of New York v. New Jersey Title Guar. & Trust Co., 256 App. Div. 609).
The point is raised that it is not possible to determine from the uncertain allegations of the fifth cause the extent and measure of the liability of the distributees. The initial liability is the debt of the estate and as to that it must be assumed that the attachment process is in all respects regular. The nature of defendant’s liability is stated and as to that the complaint is sufficient. The amount of the liability is determinable from the allegations of the complaint for purpose of pleading.
A further contention is raised that a nonresident defendant’s appearance does not warrant amendment by asserting an additional cause. In Mendoza v. Mendoza (4 Misc 2d 1060, affd. 273 App. Div. 877, motion for leave to appeal dismissed 297 N. Y. 950) service of the summons was made by publication. Defendant moved for dismissal of the complaint and an amended pleading was served as of right. It was held that a plaintiff in such an amended complaint may change entirely the nature of the cause asserted or add additional causes since defendant’s appearance was equivalent to service of a summons personally. While defendant suggests the presence of a constitutional question she also suggests it need not be reached since the fifth cause is ineligible for attachment. Since it is held the fifth cause is qualifying, Nicholas & Co. v. Societe Anonyme De La Vielle Cure De Cenon (189 Misc. 863, affd. 272 App. Div. 1002) supports plaintiffs’ position with respect to the right to add a qualifying cause in an amended complaint served as of right and after appearance. It is not defendant’s objection that the affidavit *459 supporting the attachment does not support the fifth cause. Import Chem. Co. v. Forster & Gregory (172 App. Div. 406) is not to the contrary and decided only that amendment in an action at law after appearance of a nonresident must relate solely to causes existing at the time of commencement of suit. A parallel jurisdictional question was raised in Everitt v. Everitt (4 N Y 2d 13). There a complaint was served after appearance by a nonresident in response to the service personally of a summons with notice. The complaint when served contained two causes demanding damages in greater amounts than was stated by the contract cause of action for the stated sum shown in the notice on the summons. It was held that no question was presented as upon a default in appearance or as upon the service initially of a summons and complaint and the defendant’s departure from the State thereafter. However, such a notice is ineffectual after the defendant appears and the plaintiff is free thereupon to serve any complaint (Civ. Prac. Act, § 255) even if it sets forth a cause not within the statutory provision relating to notice (Rules Civ. Prac., rule 46). That rule pertains to the entry of judgment upon total default. The appearance waives any objection to jurisdiction of the person. Thus the defendant having appeared here the plaintiffs were free to serve a complaint as of right containing any cause existing at the time of commencement of suit, provided that by reason of the attachment all causes were qualifying.
Defendant’s two applications pursuant to rule 103 of the Rules of Civil Practice are based upon the dismissal of the original complaint upon the ground the allegations thereof did not establish a determination made by the person and in the manner as required by the agreement of the parties (9 Misc 2d 246, 248). The first amended complaint was sustained. Plaintiffs now allege in their second amended complaint that the “ arbritrator ” was defendant’s agent and they do not rely exclusively upon his ‘1 determination ’ ’ as constituting plaintiffs’ performance. For the sake of clarity and to remove prejudice, the conclusory allegation preceding the word “if” on the third line in paragraph 13 of the second amended complaint is stricken. To that extent alone the defendant’s main motion is granted and her motions are otherwise denied. The complaint is deemed amended accordingly.
Plaintiffs’ motion is dismissed.