Edgar J. Nathan, Jr., J.
This is a motion by plaintiffs for a rehearing of a motion by defendant, Jacques Dupuy, to vacate a warrant of attachment against his property, and for rehearing of plaintiffs ’ cross motion to sever and discontinue the fifth cause of action (15 Misc 2d 460).
A warrant of attachment was issued against the property of the defendant, Jacques Dupuy, on a complaint and affidavit. The complaint asserted two causes of action against the named defendant, who, with others were sued in the fourth cause of action on quantum meruit for leg'al services rendered by plaintiffs, and on the fifth cause of action to enforce the liability of defendants as legatees under section 170 of the Decedent Estate Law for the debts of their testator. Defendant, Jacques Dupuy, moved to vacate the warrant on the grounds (1) that the fifth cause of action was not one which would suport an attachment, and (2) that the affidavit was insufficient since it failed to set forth facts establishing that plaintiffs sustained damages to the extent claimed. That motion was granted on the ground that the allegations of the fifth cause of action did not justify the issuance of a warrant of attachment inasmuch as that count failed to show that plaintiffs were entitled to recover a stated sum (Corcoran & Kostelanetz v. Dupuy, 6 A D 2d 776, 1005), and the affidavits in support of the fourth cause of action did not establish the reasonable value of the services rendered by plaintiffs.
Plaintiffs have submitted supplemental affidavits in support of their application for a rehearing on the quantum meruit count in which they show the services performed and the basis on which their reasonable value is computed. Since the defect in the proof as to this cause of action was not jurisdictional, *464 this defect may he cured by a supplemental affidavit (Dexter & Carpenter v. Lake & Export Coal Corp., 196 App. Div. 766). The affidavits, however, merely show that plaintiffs’ services were rendered to all defendants and do not segregate either the work performed on behalf of each individual defendant or the reasonable value of the services rendered to each defendant. Plaintiffs’ claim against Jacques Dupuy does not rest upon an express contract but upon an implied agreement to pay for the services rendered in protecting his own property as well as his derivative interests in property owned by his mother. While it is claimed, that all of the defendants acted jointly in soliciting the plaintiffs ’ services, there are no facts to show their interests in the subject of the litigation were joint or any circumstances which would imply a joint obligation by defendants to pay for the services rendered. The mere fact that they jointly requested plaintiffs to represent their interests does not establish a joint liability to pay for the work performed. Since liability under the fourth cause of action is not joint but several, plaintiffs have not established evidence of damages as against the defendant Jacques Dupuy, since there is no proof of the reasonable value of the services rendered to him. At best, plaintiffs have only established the reasonable value of the services performed for all defendants jointly without facts to substantiate a joint liability of defendants to pay. Under these circumstances the affidavits are insufficient to sustain the warrant of attachment as to the fourth cause of action.
On the rehearing the original issue again arises as to whether the fifth cause of action resting on section 170 of the Decedent Estate Law is one in which an attachment will issue. Plaintiffs cross-moved to sever and discontinue the fifth cause of action in the event of a holding that its joinder with the fourth cause of action precluded an attachment on either. The determination of this question was not necessary to the disposition of the motion to vacate. Inasmuch as defendants raise this question again on the rehearing, the court feels obliged to make a ruling. _ _ i. ' i.i ; .
_ _ If the fifth cause of action is not of a class which will support a warrant of attachment, the joinder of that cause of action with one in quantum meruit will bar an attachment (Brown v. Chaminade Velours, 176 Misc. 238, affd. 261 App. Div. 1071). While the fifth cause of action was previously held by Special Term to be one for the recovery of a sum of money only and, therefore, one in which attachment was authorized (Corcoran & Kostelanetz v. Dupuy, 15 Misc 2d 456, mod. on other grounds *465 6 A D 2d 776), that ruling does not constitute the law of the case and is not binding on the defendant, Jacques Dupuy, who was not a party to the action at the time the ruling was made. Moreover, the Appellate Division in passing upon the warrant of attachment issued against defendant, Gladys de Polignac, did not rule upon that point when it modified the decision at Special Term, but modified the decision solely upon the ground the fifth cause of action failed to show that plaintiffs were entitled to recover a stated sum. In deciding the question whether the fifth cause of action sounds in equity or at law, Special Term specifically relied on the rulings in Gross v. Miller (151 Misc. 727; cf. Gough v. Frost, 190 Misc. 927). These cases are distinguishable from the cause of action pleaded herein under section 170 of the Decedent Estate Law inasmuch as this cause of action is asserted against several legatees to whom assets of the estate of the testator have been paid, whereas in the cited cases only a sole legatee or distributee took the assets of the estate. In those circumstances no preliminary relief in equity was necessary to an award of a money judgment because no apportionment of the recovery had to be made pursuant to section 172 of the Decedent Estate Law. However, in the present case several legatees are involved and plaintiffs under the statutes (Decedent Estate Law, §§ 170, 172) are seeking to follow the assets of the testator into the hands of the legatees who are only liable in proportion to the extent of the property individually received by them. While only personal property is involved and no relief is necessary to establish a lien on real property, nevertheless, any money judgment must be predicated upon findings by the court apportioning the amount found to be due from the testator among the recipients of the testator’s bounty (Decedent Estate Law, § 172). Accordingly, the action under section 170 of the Decedent Estate Law is one sounding in equity (Herzog v. Marx, 58 Misc. 356; Howell v. Wallace, 37 App. Div. 323). Plaintiffs, by joining a cause of action which is not eligible for attachment with one in which an attachment is authorized, are not entitled to an attachment (Brown v. Chaminade Velours, 176 Misc. 238, affd. 261 App. Div. 1071). To permit plaintiff to sever and discontinue this cause of action would by indirection permit them to validate an attachment which was void in its inception.
The motion for rehearing is granted and upon the rehearing the court adheres to its original decision as modified by this opinion.
Settle order.